SCHNELL ET AL. v. PETER ECKRICH & SONS,
INC., ET AL.

No. 219. Argued January 11, 1961.—Decided February 20, 1961.

*Charles J. Merriam* argued the cause for petitioners.
With him on the brief was *Norman M. Shapiro.*

*M. Hudson Rathburn* argued the cause for respondents.
With him on the brief was *Richard D. Mason.*

MR. JUSTICE CLARK delivered the opinion of the Court.

The sole issue in this patent infringement suit, filed in
the Northern District of Indiana, is whether as a matter
of law respondent Allbright-Nell Co., an Illinois manu-
facturer, by openly assuming and controlling in this action
the defense of its customer, respondent Peter Eckrich
& Sons, Inc., of Indiana, subjected itself to the jurisdic-
tion of that court and waived the statutory venue require-
ments of 28 U. S. C. § 1400 (b).[1] The motion of

---

[1] 28 U. S. C. § 1400 (b):
"Any civil action for patent infringement may be brought in the
judicial district where the defendant resides, or where the defendant
has committed acts of infringement and has a regular and established
place of business."

Allbright-Nell to dismiss as to it because venue in the Northern District of Indiana was improper was sustained without opinion. The Court of Appeals affirmed, 279 F. 2d 594.[2] We granted certiorari, 364 U. S. 813. We affirm the judgment.

Allbright-Nell manufactured the alleged infringing device, a machine for cutting sausage meat, known as the "ANCO Emulsitator." It sold some of the devices to Eckrich, whose principal place of business was at Fort Wayne, Indiana. In the contract of sale, Allbright-Nell agreed to defend any infringement suits which might be filed against Eckrich involving the device and to bear all of the expense thereof, including any recovery. While Eckrich was using the machines, petitioners sued it in Indiana for infringement.[3] Pursuant to its contract, Allbright-Nell employed attorneys who defended the suit in the name of Eckrich. Thereafter, before any judgment was entered, petitioners amended their complaint, naming Allbright-Nell as a party defendant. Service was made upon Allbright-Nell by serving its president in Illinois. Motions to quash (on the ground that such service was made outside of the jurisdiction of the court) and to dismiss (on the ground that venue under § 1400 (b) was improper) were promptly filed. The petitioners admit that this service conferred no jurisdiction on the court and also concede that Allbright-Nell had no place of business in Indiana and, therefore, under § 1400 (b), venue as to it could not lie in Indiana. However, they urge that

---

[2] The appeal was allowed under 28 U. S. C. § 1292 (b) on the certificate of the District Court that the order dismissing Allbright-Nell involved a controlling question of law and that immediate appeal would materially advance the termination of the litigation.

[3] Subsequently, a second suit involving a different patent was filed in the same court, naming both of the respondents here as defendants. The court entered similar orders in it, and the cases were consolidated on appeal.

the presence of Allbright-Nell through the attorneys, openly defending and controlling the suit against Eckrich, gave the court jurisdiction over the former.[4]  In effect, petitioners argue, Allbright-Nell was in fact before the court protecting its own interests, was acting only as a "puppeteer" of Eckrich, and was seeking all the benefits of litigation but attempting to avoid all of its responsibilities, save the ultimate application of res judicata.  It, therefore, should be deemed to have entered a general appearance and waived its objection to venue.  In the face of § 1400 (b), however, we think not.

While objection to venue "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct, . . . courts affix to conduct [such] consequences as to place of suit consistent with the policy behind" the applicable venue statute. *Neirbo Co.* v. *Bethlehem Corp.,* 308 U. S. 165, 168.  As is pointed out in the cases, Congress adopted the predecessor to § 1400 (b) as a special venue statute in patent infringement actions to eliminate the "abuses engendered" by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served.  *Stonite Co.* v. *Melvin Lloyd Co.,* 315 U. S. 561. The Act was designed "to define the exact jurisdiction of the . . . courts in these matters," at p. 565, n. 5, and not to "dovetail with the general [venue] provisions." *Id.,* 566.  As late as 1957 we have held § 1400 (b) to be "the sole and exclusive provision controlling venue in patent infringement actions." *Fourco Glass Co.* v. *Transmirra Products Corp.,* 353 U. S. 222, 229 (1957).  The language of this special statute is clear and specific.  The

---

[4] It is conceded that Allbright-Nell, by openly controlling the defense of this suit, in which it has an interest, will be bound by the final judgment and precluded by *res judicata,* from relitigating the same issues.  *Souffront* v. *La Compagnie Des Sucreries De Porto Rico,* 217 U. S. 475; *Lovejoy* v. *Murray,* 3 Wall. 1.

practice complained of here was not at all unusual at the time of this statute's passage,[5] and for us to enlarge upon the mandate of the Congress as to venue in such patent actions would be an intrusion into the legislative field.

In fact, the petitioners would have us do now what this Court specifically refused to do 45 years ago in *Merriam Co.* v. *Saalfield,* 241 U. S. 22 (1916). There the entire defense of the named defendant (Saalfield) was openly financed and controlled by one Ogilvie, as to whom venue was improper; Merriam sought by supplemental bill to make Ogilvie a defendant before a final judgment was rendered, but after the issue of unfair competition had been decided; and Ogilvie would have been bound by the final judgment under *res judicata.* Nevertheless, his seasonable motion to quash the substituted service had upon the attorneys defending Saalfield was sustained. We believe the holding in *Merriam* completely supports our conclusion here. If a general appearance could be found in such conduct, the facts there were stronger, for the proceedings against Saalfield, handled entirely by Ogilvie, had progressed to the appointment of a master to determine the amount of damages. All that remained when it was sought to join Ogilvie was an accounting. Yet a unanimous Court sustained the dismissal, saying:

> "[I]f the decree [of injunction and accounting] . . . was not final as between appellant [Merriam Co.] and Saalfield, it cannot be *res judicata* as against Ogilvie; and thus the fundamental ground for proceeding against the latter by . . . substituted service of process disappears. This sufficiently shows the

[5] Some 30 years prior to that time this Court had occasion to pass on the effect of such conduct with relation to *res judicata* in *Lovejoy* v. *Murray,* 3 Wall. 1, 19 (1865), which held that one who controlled the defense in a suit was precluded from relitigating in a second action the issues adjudicated in the first.

weakness of appellant's position, which, upon analysis, is found to be this: that upon the theory that Ogilvie would be estopped by a final decree if and when made, it sought to bring him into the suit, before final decree, as if he were already estopped. However convenient this might be to a complainant in appellant's position, it is inconsistent with elementary principles." At pp. 28–29.

Petitioners stress that here the conduct of Allbright-Nell continued *after* it was named a party. We are not persuaded that this has any bearing upon the issue to be decided. The conduct which will amount to a waiver of venue is that of the defendant alone and nothing a plaintiff might do can change the legal consequences which attach to that conduct. Cf. *Olberding* v. *Illinois Central R. Co.*, 346 U. S. 338. Certainly the point in time at which petitioners sought to join Allbright-Nell will control the amount of its total activities which will be considered in determining whether venue has been waived; but this cannot alter the conclusions to be drawn from that conduct. Therefore, whether Allbright-Nell's actions took place before or after being named a party is immaterial to the question of waiver under the special venue provisions of § 1400 (b).

Petitioners insist that this result exalts form over substance. We think not. "The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Olberding* v. *Illinois Central R. Co., supra,* at 340.

*Affirmed.*