## MANVILLE BOILER CO., Inc.

v.

## COLUMBIA BOILER COMPANY OF POTTSTOWN, Inc.; Harriet I. Boarman and Provident Tradesmens Bank and Trust Company, as Executors of the Last Will of Frank I. Boarman, Deceased; and Harry J. Loughney.

Civ. A. No. 26907.

United States District Court
E. D. Pennsylvania.

Jan. 23, 1962.

See also 204 F.Supp. 392.

Arthur R. Littleton, Philadelphia, Pa., Frank W. Ford, Jr., New York City, for plaintiff.

C. Edmund Wells, Pottstown, Pa., Haynes N. Johnson, New York City, for defendants.

VAN DUSEN, District Judge.

This action is one based on alleged patent infringement and a claim of unfair competition. Plaintiff is the holder of U. S. Letters Patent No. 2,633,107; the corporate defendant is the manufacturer of the boilers which are alleged to have infringed the patent; and the original individual defendants, Frank I. Boarman and Harry J. Loughney, owned all the stock of defendant corporation

386

at the time this action was commenced. Defendant Boarman died in December 1961 and his estate has been substituted in his stead.

The instant motion is based on plaintiff's position that the issues of validity and infringement involved in this suit have been finally determined in its favor as between the parties by the decision in Manville Boiler Co. v. Columbia Boiler Co. of Pottstown, 269 F.2d 600 (4th Cir.1959), cert. den. 361 U.S. 901, 80 S.Ct. 208, 4 L.Ed.2d 156 (1959). An examination of that proceeding is necessary for the determination of this motion.

A suit for patent infringement was commenced by Manville Boiler Co., the instant plaintiff, in the United States District Court for the Eastern District of Virginia on May 14, 1954, against the present corporate defendant, Columbia Boiler Co. of Pottstown, Inc. (hereinafter called "Columbia-Pottstown"), manufacturer of certain allegedly infringing boilers, and Columbia Boiler Company, Inc. (hereinafter called "Columbia-Virginia"), a distributor of the boilers in issue (C.A.1964 in E.D.Va.). The action involved the same patent as is involved in the present case and the infringement concerned the same type of boiler as is involved here.

Columbia-Pottstown moved to dismiss or quash service of process for improper venue, which motion was denied. A petition for a Writ of Prohibition was then filed in the Circuit Court and also denied. See Columbia Boiler Co. of Pottstown, Inc. v. Hutcheson, 4 Cir., 222 F.2d 718 (4th Cir.1955). The case then proceeded to trial, both defendants being represented by the same counsel. After the trial was over, the District Court held that Columbia-Pottstown was not a proper party to the suit for lack of venue; that the patent was not infringed; and that defendants had offered no proof concerning the unfair competition allegations in their counterclaim (see Exhibit attached to Document No. 47). On appeal to the Circuit Court of Appeals for the Fourth Circuit, the District Court was affirmed on the issue of venue as to Columbia-Pottstown and reversed as to the infringement issue. Manville Boiler Co. v. Columbia Boiler Co. of Pottstown, 269 F.2d 600 (4th Cir.1959). Certiorari was denied by the United States Supreme Court (361 U.S. 901, 80 S.Ct. 208, 4 L.Ed. 2d 156 (1959)), a mandate was issued by the Circuit Court, and a judgment pursuant to the mandate was entered on December 22, 1959 by the District Court (see Exhibit attached to Document No. 44).

Plaintiff has attempted to show in support of the granting of the present motion that the defendants in this case are bound by the decision in the Fourth Circuit case because their relationship with Columbia-Virginia is so close that privity has been established and also that the principle of res judicata applies because Columbia-Pottstown controlled the former suit.

*Relationship of the Corporations*

The relationship between Columbia-Virginia and Columbia-Pottstown is a very close one and consists, among other things, of joint stock control and interlocking directors and officers. Boarman and Loughney, who had been manufacturing boilers as a partnership known as Columbia Boiler Company, organized Columbia-Virginia and four other sales companies in 1951. They owned all the voting stock of Columbia-Virginia at the time it was organized and continued to own it during the time of the Fourth Circuit litigation. Columbia-Pottstown was incorporated in 1953 and succeeded to the business of the Boarman-Loughney partnership. The partnership owned all voting and non-voting stock of Columbia-Pottstown until August 1954, when it was transferred to Boarman and Loughney as individuals. At the time of the Fourth Circuit litigation, all stock in Columbia-Pottstown was owned by them (see Document No. 28, pp. 16–17, 30–31). Columbia-Virginia sold boilers manufactured by Columbia-Pottstown and was termed a "direct factory

branch" of Columbia-Pottstown by one of the officers and directors (see pp. 33 and 34 of Exhibit 2 attached to Document No. 43). However, it did sell other equipment. The officers and directors of the five distributing sales agencies were the same as those of Columbia-Pottstown, except that the president of each was a local resident. The officers and directors of Columbia-Pottstown have been defendants Loughney and Boarman, Mr. Boarman's son, and John J. Meade (see Document No. 17 and Document No. 28, pp. 29–30).[1]

### Control of the Prior Litigation

■■■ There is now no doubt that if one not a party to a litigation controls the defense thereof, he is bound by an adverse decision therein, whether or not plaintiff was aware of his control.[2] However, this principle is not applicable if control or right to control is not shown.[3] This record shows, among other things, the following facts: both defendants were represented by one attorney, Zachary T. Wobensmith, 2d, Esq., in the Virginia action; Mr. Wobensmith was hired by Mr. Boarman who was, as noted above, officer and director of both corporations and, with Mr. Loughney, had joint control of them; the expenses of the action up until the time of the Circuit Court decision in July 1959 were in the main paid by Columbia-Pottstown;[4] there was a great deal of correspondence between Mr. Wobensmith and Columbia-Pottstown during the former trial and none between Mr. Wobensmith and Columbia-Virginia until after the July 1959 decision;[5] a statement by a principal witness for defendants in the former litigation that he was testifying for both corporations (see Exhibit 1, page 157, to Document No. 43); testimony by the secretary of Columbia-Virginia and Columbia-Pottstown that Mr. Wobensmith had full charge of the defense of the Virginia suit and represented both defendants (see Exhibit 1, page 92, to Document No. 43). The record of the former trial also shows that at the beginning of the trial, after the venue question had been decided adversely to Columbia-Pottstown, Mr. Wobensmith was asked by counsel for plaintiff:

> "Might I ask counsel, since you are raising this venue question again, whether you contest the basic fact that the Pennsylvania corporation, Columbia Boiler Company of Pottstown, Inc., has full control over the defense against the Virginia defendant?
>
> "MR. WOBENSMITH: No, I am not raising any question of that.
>
> * * * * * *
>
> "MR. LAWRENCE: But you do not contest the fact that the Pennsylvania corporation has control over the defense of this action?
>
> "MR. WOBENSMITH: No, I am not raising any question."[6]

1. For a summary of the facts of record concerning the closeness of the corporations, see plaintiff's brief, Document No. 55, at pp. 4–6. See, also, the statement of the Fourth Circuit at 269 F.2d 600, 606.

2. Souffront v. La Compagnie Des Sucreries, 217 U.S. 475, 487, 30 S.Ct. 608, 54 L.Ed. 846 (1910); Lovejoy v. Murray, 3 Wall. 1, 70 U.S. 1, 18, 18 L.Ed. 129 (1865); Caterpillar Tractor Co. v. International Harvester Co., 120 F.2d 82, 84–85, 139 A.L.R. 1 (3rd Cir. 1941). See Schnell v. Peter Eckrich & Sons, 365 U.S. 260, 262, 81 S.Ct. 557, 5 L.Ed. 2d 546 (1961); Restatement, Judgments, §§ 68, 83, 84.

3. See Goodman v. Super Mold Corp., 103 F.2d 474, 482 (9th Cir. 1939), rehearing den. 109 F.2d 442 (9th Cir. 1940); Rohm & Haas Company v. Chemical Insecticide Corp., 171 F.Supp. 426, 429 (D. Del.1959).

4. The information concerning payment was submitted to plaintiff under Stipulation (Document No. 38). The amount of payment by each defendant has been summarized at p. 9 of plaintiff's brief (Document No. 55).

5. See Documents Nos. 28 (p. 53), 35 and 37 and analysis thereof at p. 8 of plaintiff's brief (Document No. 55).

6. See p. 2 of trial testimony, part of Exhibit 1 to Document No. 43.

These statements were taken by attorney for plaintiff in the Virginia action as meaning that there was no question but that Columbia-Pottstown controlled that suit (see Document No. 43, p. 2).

 The facts of record indicate that Columbia-Pottstown may have had control or joint control of the former suit. The attempts of Columbia-Pottstown to dispute this control are not persuasive. The affidavit of Mr. Wobensmith, a well respected member of the bar of this court, shows only that he considered that he was in charge of the defense of the action and that he was defending on behalf of both defendants. The authority which Mr. Wobensmith assumed that he possessed does not answer the question of which client had the power to control the litigation. The issues as to which company gave him his authority and in which he would have conceded control existed if the company had desired to exercise it have not been met by his affidavit (see Document No. 47).

Since the record consists of affidavits which apparently do not cover all the factual material bearing on the issue of control of the litigation in the Virginia federal court, a Pre-Trial Order (Document No. 58) has been entered scheduling a trial limited to the issue of control of the litigation in that court, including appeal and application for certiorari incident to that litigation.[7]

Although Columbia-Pottstown has argued that it should not be bound by its participation in the litigation in the Eastern District of Virginia and the Fourth Circuit because any participation and "control" it might have exercised was "involuntary", no persuasive authorities have been cited indicating that this proposition is controlling. If Columbia-Pottstown had control of the litigation, it would be bound by the outcome, irrespective of whether or not it had been a party in the trial.[8] Defendants' additional argument, namely, that the denial of summary judgment motions by Judge Wyzanski in a related suit, Manville Boiler Company, Inc. v. Columbia Boiler Company, Inc., C.A. 59–631–W, D.Mass., is res judicata as to the instant motion, is also not persuasive in view of the nature of that interlocutory ruling.[9] It appears to the court that this case may well be one in which " 'Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties.' " Caterpillar Tractor Co. v. International Harvester Co., supra, 120 F.2d at page 84.

7. Determination of the issue of control of the prior proceedings may make it unnecessary to decide the applicability of such cases as Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148 (1917), Goodyear Tire & Rubber Co. v. Overman Cushion Tire Co., Inc., 66 F.2d 81 (6th Cir. 1933), and Van Brode Milling Co. v. Kellogg Co., 113 F.Supp. 845 (D.Del.1953), so that no discussion of these cases has been included in this Memorandum Opinion.

8. The "involuntary" nature of the participation in the Fourth Circuit case has been questioned by plaintiff because of Columbia-Pottstown's stipulation to stay a suit for a declaratory judgment of invalidity and non-infringement of the patent at issue here which it had brought in the United States District Court for the Southern District of New York until after determination of the Fourth Circuit action. See Document No. 57, page 6.

9. Also, there is no showing that the records in this case and the Massachusetts case were identical; in fact, the record shows otherwise (see Document No. 54 and p. 48 of Exhibit 1 attached to Document No. 50).