BLUMCRAFT OF PITTSBURGH, a Partnership consisting of Hyman Blum, Max Blum, Louis Blum and Harry P. Blum, Plaintiff,

v.

CITIZENS & SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, and Daniel Construction Company, Inc., Defendants.

### Civ. A. No. 4168.

United States District Court
D. South Carolina,
Greenville Division.

June 21, 1966.

Ralph Bailey, Jr., Greenville, S. C., and James C. McConnon, of Paul & Paul, Philadelphia, Pa., for plaintiff.

Harry J. Haynsworth, IV, of Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., and Warren N. Williams, of Hovey, Schmidt, Johnson & Hovey, Kansas City, Mo., for defendants.

## ORDER

SIMONS, District Judge.

This action is pending upon complaint of plaintiff alleging that certain railing structures used by defendants infringes plaintiff's patents. Presently before the court is plaintiff's motion to amend its complaint by adding Architectural Art Manufacturing Company, Inc., a corporation having its principal place of business in Wichita, Kansas and Colonial Iron Works, a corporation having its principal place of business at Columbia, South Carolina as parties defendant.

Plaintiff concedes that this court would not have jurisdiction or proper venue of said Architectural Arts Manufacturing Company, Inc., under the provisions of 28 U.S.C. § 1400(b) which is the sole and exclusive venue statute in patent infringement actions.[1] Nevertheless, plaintiff contends that by Architectural Arts' actions in controlling the defense of this suit on behalf of the named defendants and by asserting the counterclaim which has been filed against plaintiff in the named defendants' answer said party has waived venue, and has in fact submitted to the jurisdiction of the court. Plaintiff contends that Architectural Arts has gone far beyond acting through the named defendants, and up to the present time during the prosecution of this action has been directly represented by the appearance of its own attorney, Warren N. Williams, Esquire, and by his answering interrogatories and cross-examining witnesses while admittedly representing the interest of his client Architectural Arts. Plaintiff contends that Architectural Arts has clearly gone beyond merely conducting the defense of the named defendants, in that it is prosecuting the counterclaim against plaintiff which affirmatively seeks litigation of matters beyond the scope of plaintiff's complaint; further that such affirmative acts constituted a waiver of venue and a general appearance herein on behalf of Architectural Arts, under authority of a long line of decisions of the Fourth Circuit Court of Appeals beginning with Gulf Smokeless Coal Co. v. Sutton, Steele & Steele, 35 F.2d 433 (4th Cir. 1929). See also Prudential Ins. Co. v. McKee, 81 F.2d 508 (4th Cir. 1936); Dow Chemical Co. v. Metlon Corp., 281 F.2d 292 (4th Cir. 1960).

In support of its motion to add Colonial Iron Works as a party defendant, plaintiff asserts that it is the fabricator who in fact constructed and assisted in the erection of the accused railings in defendant Citizen and Southern National Bank's building at Greenville, South Carolina, and that the company thereby participated in the alleged infringement and is liable therefor; that at the time the action was commenced it was situated in a separate district from the named defendants, and that plaintiff at that time was not able to join Colonial as a party defendant. Now that the districts have been consolidated plaintiff contends that Colonial may be properly joined as a party defendant and that the ends of justice would be best served by such joinder.

Defendants strongly oppose plaintiff's motion to add Architectural Arts and Colonial as parties defendant. They vigorously urge upon the court that plaintiff has failed to establish that Architectural Arts has taken any action which effected a waiver of the venue requirements of Section 1400(b), supra, or which constituted a general appearance on its part sufficient to give this court jurisdiction over it. Defendants rely primarily upon the recent United States Supreme Court decision in Schnell v. Peter Eckrich & Sons, 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed. 2d 546 (1961).

In opposing the addition of Colonial as a party, defendants admit that

---

1. § 1400. *Patents and copyrights.*
   (b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.
   See also Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957).

plaintiff can now obtain service upon this company in South Carolina [2] but contend that plaintiff has failed to establish good and sufficient grounds to warrant making it a defendant and further urge that its motion is untimely. Several considerations support the opposing view. Colonial Iron Works was the ornamental iron fabricator which furnished and participated in the erection of the accused railings by the named defendants, allegedly a separate but essential participant in the infringement. Moreover, the rationale of a venue statute is not to burden by inconvenience those amenable to service of process under it. Defendants contend that the addition of Colonial would unduly delay the trial of the case upon its merits. Since this court has stayed further proceedings herein, pending the determination of a suit which has already been heard by the United States Court of Claims involving the same plaintiff, the same accused railings, and substantially the same issues as are now before the court, the addition of Colonial as a party should not cause any material delay.

The question of the joinder of Architectural Arts as a party defendant has caused the court much greater concern. When these motions were heard on April 6, 1966 the court on first impression leaned to the view that Architectural Arts by its actions had waived venue and jurisdiction, and should be made a formal party to the suit; however, since that time, counsel for defendants has provided the court with copies of the pleadings in the *Schnell* case, supra. After a careful consideration of these pleadings and of the Supreme Court's opinion affirming the Seventh Circuit Court's affirmation of the District Court in Indiana,[3] the court is now convinced that the *Schnell* case is controlling of the issues in the instant case.

The facts in *Schnell* were substantially the same as in this case which may be summarized as follows: One Carl Schnell and the Griffith Laboratories, Inc., filed a suit for patent infringement in the Northern District of Indiana against Peter Eckrich and Sons, Inc., of Ft. Wayne, Indiana. Prior to answer by defendants, plaintiffs moved to amend their complaint by adding the Allbright-Nell Company, an Illinois corporation which was the manufacturer of the accused equipment sold to defendant Peter Eckrich. Allbright-Nell's counsel who was in charge of the defense in the case prepared a motion to quash service as to Allbright-Nell, and prepared an answer and counterclaim on behalf of Peter Eckrich. These pleadings were filed through local counsel in Indiana. Allbright-Nell pursuant to its contract of sale of said equipment with Peter Eckrich was obligated to defend all infringement suits against Eckrich involving such equipment, and to bear all of the expense of said suits including the payment of any recovery. Subsequently, a second suit involving a different patent was filed in the same district court by the same plaintiffs against both defendants. In the second suit Allbright-Nell filed an identical motion to quash service, and its counsel filed an answer and counterclaim on behalf of Peter Eckrich; each of the counterclaims asked that plaintiff's patents be declared invalid and void. The Northern District Court of Indiana dismissed both actions as to manufacturer Allbright-Nell, and upon plaintiff's appeal to the Seventh Circuit, the lower court was affirmed, Schnell v. Peter Eckrich & Sons, Inc., 279 F.2d 594 (1960). The United States Supreme Court granted plaintiff's petition for certiorari and in affirming the Court stated:

> Allbright-Nell manufactured the alleged infringing device, a machine for cutting sausage meat, known as the

---

**2.** Prior to the consolidation of the two South Carolina Districts on November 1, 1965 and at the time of the commencement of this action, Colonial could not be joined since its principal place of business was in the Eastern District of South Carolina and the action was brought in the Western District. Now, of course, service may be obtained upon Colonial under 28 U.S.C. § 1400(b).

**3.** 279 F.2d 594 (June 20, 1960).

"ANCO Emulsitator." It sold some of the devices to Eckrich, whose principal place of business was at Fort Wayne, Indiana. In the contract of sale, Allbright-Nell agreed to defend any infringement suits which might be filed against Eckrich involving the device and to bear all of the expense thereof, including any recovery. While Eckrich was using the machines, petitioners sued it in Indiana for infringement. Pursuant to its contract, Allbright-Nell employed attorneys who defended the suit in the name of Eckrich. Thereafter, before any judgment was entered, petitioners amended their complaint, naming Allbright-Nell as a party defendant. Service was made upon Allbright-Nell by serving its president in Illinois. Motions to quash (on the ground that such service was made outside of the jurisdiction of the court) and to dismiss (on the ground that venue under § 1400(b) was improper) were promptly filed. The petitioners admit that this service conferred no jurisdiction on the court and also concede that Allbright-Nell had no place of business in Indiana and, therefore, under § 1400(b), venue as to it could not lie in Indiana. However, they urge that the presence of Allbright-Nell through the attorneys, openly defending and controlling the suit against Eckrich, gave the court jurisdiction over the former. In effect, petitioners argue, Allbright-Nell was in fact before the court protecting its own interests, was acting only as a "puppeteer" of Eckrich, and was seeking all the benefits of litigation but attempting to avoid all of its responsibilities, save the ultimate application of *res judicata*. It, therefore, should be deemed to have entered a general appearance and waived its objection to venue. In the face of § 1400(b), however, we think not.

While objection to venue "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct, * * * courts affix to conduct [such] conse-quences as to place of suit consistent with the policy behind" the applicable venue statute. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167 [128 A.L.R. 1437]. As is pointed out in the cases, Congress adopted the predecessor to § 1400(b) as a special venue statute in patent infringement actions to eliminate the "abuses engendered" by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served. Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026. The Act was designed to "define the exact jurisdiction of the * * * courts in these matters," 315 U.S. at page 565, note 5, 62 S.Ct. [780], at page 782, and not to "dovetail with the general [venue] provisions." Id., 315 U.S. 566, 62 S.Ct. [780], 782. As late as 1957 we have held § 1400(b) to be "the sole and exclusive provision controlling venue in patent infringement actions" Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 229, 77 S.Ct. 787, 792, 1 L.Ed.2d 786. The language of this special statute is clear and specific. The practice complained of here was not at all unusual at the time of this statute's passage, and for us to enlarge upon the mandate of the Congress as to venue in such patent actions would be an intrusion into the legislative field.

In attempting to distinguish the *Schnell* case from the case at bar plaintiff argues that defendants' counterclaim "seeks relief and brings into issue matters which are outside the complaint." The court is not impressed with this contention inasmuch as the *complaint* alleges infringement of all claims of plaintiff's patent. Subsequent to the filing of the suit, in answer to defendants' interrogatories filed November 14, 1963, plaintiff stated in answer to interrogatory 6(b) filed November 30, 1963: "As presently advised, claims 1, 2, 3, 4, 5 and 6 are alleged to be infringed by defendants." Plaintiff's supplemental answers to defend-

ants' interrogatory filed January 8, 1964 stated: "As presently advised, the Answer to Interrogatory 6(b) is as follows: Claims 1, 2, 3 and 5." Although plaintiff has changed its position as to its claims of infringement on at least this one occasion, which is quite in accord with plaintiff's argument, it may well develop that upon trial it may still contend that all six claims of its patent have been infringed. Thus the court is not constrained to find that defendants' counterclaim brings into issue any matters which are outside the scope of plaintiff's complaint.

In line with the Supreme Court's holding in *Schnell* the court concludes that plaintiff's motion to bring in the manufacturer, Architectural Arts as a party defendant should be denied.

It is, therefore, ORDERED that plaintiff's motion to amend its complaint by adding Colonial Iron Works as a party defendant is granted; and that plaintiff's motion to amend its complaint by adding Architectural Arts Manufacturing Company as a party defendant is denied.