Arthur I. APPLETON, Plaintiff,

v.

RONSON SERVICE OF ILLINOIS, INC. and Ronson Corporation, Defendants.

No. 67 C 2188.

United States District Court
N. D. Illinois, E. D.

Sept. 16, 1968.

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

As for the requirement that venue be based on acts of infringement committed in this District, it has been established that the accused device, the "Cook N'Stir Blender", has been displayed, advertised and repaired in this district. The totality of acts is sufficient to satisfy the venue requirement of infringing acts. Ferguson v. Ford Motor Co., 77 F.Supp. 425 (D.C.N.Y.1948).

28 U.S.C. § 1694 provides,

In a patent infringement action commenced in a district where the defendant is not a resident but has a regular and established place of business, service of process, summons or subpoena upon such defendant may be made upon his agent or agents conducting such business.

Thus, the remaining test for proper venue and the test for proper service of defendant Ronson present the same remaining consideration for the Court. That is, given that infringing acts were committed in this district, proper venue can be established as proper service can be established, by a showing that defendant Ronson Corporation "has a regular and established place of business" in this District.

In interpreting the decision of the United States Supreme Court in Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925), the Seventh Circuit Court of Appeals has recently held in Leach Co. v. General Sani-Can Mfg. Corp., 393 F.2d 183 (7th Cir. 1968) that formal corporate separateness can be disregarded for the purpose of establishing venue and service of process, where a number of factors, any one of which in itself might not justify disregard of formal corporate separateness, in the aggregate reveal a mere cloak for the relationship of agency. In the instant case, it can be said without

Edward W. Osann, Jr., of Wolfe, Hubbard, Voit & Osann, Chicago, Ill., for plaintiff.

Malcolm S. Bradway, of Mann, Brown & McWilliams, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

WILL, District Judge.

This is an action for alleged infringement of a patent on a portable food mixer. Defendant Ronson Corporation has moved that the Court quash service, and also that the Court dismiss the complaint as to Ronson Corporation for lack of proper venue.

28 U.S.C. § 1400(b) provides the test for proper venue in this action as follows:

question that Ronson Service of Illinois, Inc. is conducting a regular and established business in this District; and a consideration of the relevant factors in this case reveals that Ronson Service, Inc. does in fact operate in this District as the agent of Ronson Corporation.

The sufficient factors in this case that amount to an agency under the rule of *Leach* may be stated as follows: Ronson Service is held out to the public consumer as the agent of Ronson Corporation. The Ronson trademark is prominently displayed throughout the premises of Ronson Service and the name appears on the large sign which identifies the premises, with the word "SERVICE" merely appended below in relatively small letters.

Ronson Service displays and sells only Ronson products. It services Ronson products under Ronson's warranty which is part of a Ronson sales contract, and then Ronson Corporation reimburses the Service. The directors and corporate officers of the two corporations are almost entirely the same. Given Ronson Corporation's vital interest in the reputation and performance of its products, it can be inferred that the common officers and directors direct and coordinate Ronson Service policy and operation with that of the parent, and the inference is well supported by the deposition of the Manager of Ronson Service.

Another factor of importance is the basic integration of the business records of Ronson Service and Ronson Corporation, as indicated by the facts that the officers of Ronson Service are paid by the Ronson Corporation, consolidated tax returns are filed under the name of the Ronson Corporation, and Ronson Service employees are covered by group insurance for which Ronson Corporation pays the premiums. Altogether, these factors demonstrate the necessary agency under *Leach* to support venue and service in that through its agent, Ronson Service, the Ronson Corporation has maintained a regular and established business in this District.

Because venue under 28 U.S.C. § 1400 (b) has been properly established and because proper service under 28 U.S.C. § 1694 has been secured, defendant Ronson Corporation's motion to quash service and to dismiss the complaint must be denied. An appropriate order will enter.