**GAF CORPORATION, Plaintiff,**

v.

**HANIMEX CORPORATION Limited and Hanimex, U. S. A., Inc., Defendants.**

**No. 68 C 1121.**

United States District Court
N. D. Illinois,
E. D.

Dec. 30, 1968.

Fred S. Lockwood and Clarence J. Fleming, Greist, Lockwood, Greenawalt & Dewey, Chicago, Ill., for plaintiff; Stanton T. Lawrence, Jr., Pennie, Edmonds, Morton, Taylor & Adams, Robert Gottschalk, New York City, of counsel.

Sidney Neuman, Chicago, Ill., for defendants; Pendleton, Neuman, Seibold & Williams, Michael O. Warnecke, Chicago, Ill., of counsel.

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

ROBSON, District Judge.

Hanimex Corporation Limited, one of the defendants in this patent infringement action, has moved to dismiss. For the reasons stated below, this court is of the opinion that the motion should be denied.

Defendant Hanimex Corporation Limited ("Hanimex Australia") is an Australian holding company, founded by Jack D. Hannes in 1947, and is engaged solely in financing and holding stock in various subsidiaries. Hanimex Australia owns all the shares (except token shares, as required by Australian law) in Hanimex (Overseas) Pty., Limited ("Hanimex Overseas"). Hanimex Overseas, in turn, is also a holding company, and is the sole shareholder in the other defendant in this action, Hanimex, U. S. A., Inc., an Illinois corporation. Hanimex, U. S. A., Inc. is engaged in the importing and selling of photographic equipment, including the allegedly infringing slide projectors, manufactured and supplied by another subsidiary of Hanimex Australia, Fotek Corporation Pty., Limited. The plaintiff attempted to serve both corporations, Hanimex Australia and Hanimex, U. S. A., Inc., by serving the Secretary of Hanimex, U. S. A., Inc. Hanimex Australia, an Australian corporation, claims that there is no jurisdiction over it, and that under 28 U.S.C. § 1400(b), the requisites for venue in a patent case have not been met. The plaintiff, on the other hand, claims that Hanimex, U. S. A., Inc. is the *alter ego* or a mere instrumentality of Hanimex Australia, and, as such, is the agent of Hanimex Australia for the purpose of service of process and for venue. This status, argues the plaintiff, shows that Hanimex Australia "has a regular and established place of business" in this district.* Hanimex Australia agrees, as it must, that if the plaintiff can prove that such a relationship exists between the parent, Hanimex Australia, and the subsidiary, Hanimex, U. S. A., Inc., jurisdiction and venue are proper. However, Hanimex Australia contends that on the undisputed facts, there are two separate corporations involved here, and that, therefore, service on Hanimex, U. S. A., Inc. does not constitute service on Hanimex Australia. This court cannot agree.

In addition to the stock ownership of the subsidiary, Hanimex, U. S. A., Inc., the almost complete identity of corporate names, and the fact that another wholly-

* It is admitted that jurisdiction and venue are proper as to Hanimex, U. S. A., Inc.

owned subsidiary manufactures and sells the allegedly infringing slide projectors, there are many other factors which show that corporate separateness has not been observed. Hanimex, U. S. A., Inc. was incorporated in 1957, but transacted no business whatsoever until 1967. Between 1957 and 1967, all the papers necessary to keep the corporation alive had been sent to Australia for execution. In late 1967, Hanimex Australia provided $50,000 to activate its American subsidiary. Mr. H. H. Ellis was selected as a Director and Executive Vice President of Hanimex, U. S. A. Although Ellis does some of the negotiating (and may do more in the future), all the important negotiations and decisions are handled by Jack D. Hannes, the president of Hanimex, U. S. A. and the chief executive officer of Hanimex Australia. Arthur W. Uther, the treasurer of Hanimex, U. S. A., is also the chairman of the Board of Directors of Hanimex Australia. The directors of Hanimex, U. S. A. are Hannes, Ellis, Uther and Springett, all of whom (except Ellis) are from Australia, and a director and/or an officer of Hanimex Australia or one of its Australian subsidiaries. *All* of the meetings of the directors, officers, and shareholders are held in Australia. Hanimex, U. S. A. has eight full-time employees, whose salaries are paid from the Hanimex, U. S. A. bank account on the American subsidiary's checks, but Ellis and two other key employees have stock options with Hanimex Australia. Hannes, as a matter of his own choice, is not paid any salary by Hanimex, U. S. A. (Even though Hannes is the chief executive officer of all the Hanimex subsidiaries (in Germany, Japan, etc.), it is not clear whether he is paid a salary by any other subsidiary.)

All of the United States activities of Hanimex Australia are carried on by Hanimex, U. S. A. In the service agreement between Hanimex Australia and Hanimex, U. S. A., the American subsidiary agreed to pay $20,000 annually for "all kinds" of technical and administrative services concerned with the production and sale of photographic equipment on the United States market. Hannes signed the agreement for Hanimex Australia; Ellis signed it for Hanimex, U. S. A. Hannes also signed the lease for the American subsidiary's premises in Lincolnwood, but this time in his capacity as president of Hanimex, U. S. A. Hanimex Pty., Limited (wholly owned by Hanimex Australia) guaranteed the lease, and Hannes signed this guarantee as president of Hanimex Pty., Limited.

Mr. Hannes also corresponds with his subsidiaries, and with some outside companies, on stationery which has the heading "Hanimex Group of Companies." In several of Hannes' letters, Hanimex, U. S. A. is referred to as the "Chicago office" of Hanimex Australia. Hanimex, U. S. A. has guaranteed certain debts of Hanimex Australia ("together with other subsidiaries"), apparently without any stated consideration. In a seemingly unrelated transaction, Hanimex Australia guaranteed a loan (up to $100,000) to Hanimex, U. S. A. Hannes approves all of Hanimex, U. S. A.'s monthly budgets, sales and financial reports. Many of Hanimex Australia's personnel are sent to Hanimex, U. S. A., under the service agreement, at the Australian corporation's expense, and a Mr. Waller, on the payroll of Hanimex Australia, prepared the cash budget for the American subsidiary, although Hanimex, U. S. A. has a full-time bookkeeper and outside auditors.

Although apparently much of Hanimex, U. S. A.'s business is with non-Hanimex affiliated companies, more than forty per cent of this non-affiliated business is handled through Hanimex (Deutschland), GMBH, a subsidiary of Hanimex Australia. This German subsidiary acts as Hanimex, U. S. A.'s confirming agent, even though there is no agreement covering this relationship. The accused slide projectors are supplied by Fotek Corporation Pty., Limited (another Hanimex Australia subsidiary), on an open account. (Along with the use of drafts, this is the general practice among the Hanimex Group of com-

panies.) This supplier was requested (and apparently agreed) to allow Hanimex, U. S. A. to hold back some of its payments in order to improve the American corporation's financial picture.

The complaint in this case was filed on June 17, 1968. In the June 30, 1968, Accountant's Report for Hanimex, U. S. A., this litigation is not mentioned. However, it is listed as a contingent liability in the Annual Report of Hanimex Australia for the year ending June 30, 1968. Hanimex Australia admits that it is controlling and financing the defense of this case, but contends that this is not sufficient in and of itself to subject it to the jurisdiction of this court. Schnell v. Peter Eckrich & Sons, Inc., 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed.2d 546 (1961). In the *Schnell* case, however, the defense was undertaken pursuant to an agreement, and the customer was not in any way controlled by the manufacturer. The only issue was whether the defense *alone* was a waiver of jurisdiction. In the case before this court, it is only one factor among many.

In interpreting the decision of the United States Supreme Court in Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925), the Seventh Circuit Court of Appeals has recently held in Leach Co. v. General Sani-Can Mfg. Corp., 393 F.2d 183 (7th Cir. 1968), that formal corporate separateness can be disregarded for the purpose of establishing venue and service of process, where a number of factors (any one of which in itself might not justify disregard of formal corporate separateness) in the aggregate reveal a mere cloak for the relationship of agency. Although it is true that in the case before this court, separate books and records are kept, separate meetings of the directors are held, a separate bank account is maintained, separate advertising is conducted, goods are bought from the other Hanimex-affiliated companies (not on consignment), and Hanimex, U. S. A. has assets of greater than $400,000 (although only $4,110 in fixed assets, $33,000 in cash, with the rest in inventories and accounts receivable), these considerations were also present in the *Leach* case, supra, and were not sufficient to overcome the evidence of lack of separateness.

Considering the totality of the facts as related above, the conclusion is inescapable that, as in *Leach*, supra, at 186, "even the form of corporate separation" was not observed. Cf. Consolidated Rock Products Co. v. Du Bois, 312 U.S. 510, 523, 524, 61 S.Ct. 675, 85 L.Ed. 982 (1941); Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148 (1917); Appleton v. Ronson Service of Illinois, Inc., 67C 2188, 159 U.S.P.Q. 559 (N.D.Ill. September 16, 1968). It is also undisputed by the defendant that this court is the only court in which the plaintiff could proceed against the parent corporation for the allegedly infringing manufacture of the slide projectors, since the plaintiff has no Australian patent corresponding to the patent in suit. Cf., e. g., S. O. S. Co. v. Bolta Co., 117 F.Supp. 59 (N.D.Ill.1953).

Because venue under 28 U.S.C. § 1400 (b) has been properly established and because proper service has been secured, the defendant Hanimex Corporation Limited's motion to dismiss must be and it is hereby denied.