**ASHLAND OIL, INC., Plaintiff,**

v.

**ACME RESIN CORPORATION, Defendant.**

**No. 79–C–125.**

United States District Court, E. D. Wisconsin.

June 22, 1979.

---

Michael, Best & Friedrich by Paul R. Puerner and Michael E. Husmann, Milwaukee, Wis., Wood, Herron & Evans by Bruce Tittel, Cincinnati, Ohio, for plaintiff.

Borgelt, Powell, Peterson & Frauen by Donald R. Peterson, Milwaukee, Wis., Morgan, Finnegan, Pine, Foley & Lee by John C. Vassil, David H. Pfeffer, Bartholomew Verdirame, New York City, for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action for patent infringement. The plaintiff, a Kentucky corporation, purports to own a patent which it accuses the defendant, a Delaware corporation, of infringing. The case is presently before me on the defendant's motion to dismiss for improper venue. The motion will be granted.

In an action for patent infringement, venue is controlled by 28 U.S.C. § 1400(b), which provides:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

In construing this statute, I am guided by the admonition that the patent infringement requirements are "specific and unambiguous" and not "to be given a 'liberal' construction." *Schnell v. Eckrich & Sons, Inc.*, 365 U.S. 260, 264, 81 S.Ct. 557, 5 L.Ed.2d 540 (1961); *Accord, Dual Manufacturing & Engineering v. Burris Industries*, 531 F.2d 1382 (7th Cir. 1976).

For the purposes of § 1400(b), the residence of a corporation is its place of incorporation. Since the defendant is incorporated in Delaware, it is not a resident of the eastern district of Wisconsin. Thus, for venue of this case properly to lie in this district, the defendant must have committed acts of infringement and have a regular and established place of business in this district. For the purposes of this motion, the parties apparently agree that if the defendant committed acts of infringement, at least some of them took place within the eastern district of Wisconsin. Thus, the sole question which must now be resolved is whether the defendant has a regular and established place of business in the eastern district.

The following facts are pertinent to this determination. The defendant's sole ongoing presence in the eastern district of Wisconsin is represented by a single sales employee, Charles Zimmerman, who resides in the district. The duties of Mr. Zimmerman are to interest people to purchase the defendant's products and to instruct customers in the proper use of such products. Mr. Zimmerman also writes weekly reports which are sent to the defendant's headquarters in Illinois. Mr. Zimmerman does not have the authority to accept orders from customers. Orders are forwarded directly from customers to the defendant's headquarters and then filled from there.

The defendant does not own or rent any office space in Wisconsin. Mr. Zimmerman works out of his home. The defendant does not own or contribute any money for Mr. Zimmerman's home. There are no signs or other visual indications that the home is a place of business of the defendant.

Mr. Zimmerman uses a business card which identifies him as an employee of the defendant. The telephone numbers on the card are for telephones in the defendant's headquarters in Illinois.

The facts of this case are substantially similar to the facts in *University of Illinois Foundation v. Channel Master Corporation*, 382 F.2d 514, 515–16 (7th Cir. 1967):

"Defendant has an employee, Joseph O. Nicolau, who resides in the Northern District of Illinois. It is a basic contention of plaintiff that venue was properly laid in that district because Channel Master has a regular and established place of business in that district. It specifically refers to Nicolau, who uses his home in

that district as a base for his sales activities in promoting his employer's products. He regularly prepares reports at his home and transmits them to his employer's home office. He receives and initiates telephone calls at his home, the address and telephone number of which are listed on his employer's business card, and Channel Master reimburses him for car expenses, postage and telephone calls. He deducts on his income tax return a percentage of his own household expenses as business usage.

\* \* \* \* \* \*

"In the case at bar Channel Master's sole activities in the district are sales promotion and solicitation by a single employee. All orders from customers in the district are accepted in New York. All shipments to customers are made from New York. All payments for goods are made to New York."

On the basis of these facts, the court of appeals for this circuit found that the defendant did not maintain a regular and established place of business within the meaning of § 1400(b):

"We hold that we cannot by any stretch of the imagination characterize Nicolau's family bedroom or even his entire home as 'a regular and established place of business' of Channel Master in the Northern District of Illinois." Id. at 516.

In view of the unequivocal holding of the court in *Illinois Foundation* and the similarity of the facts of that case with the facts of the case at bar, I find that Acme Resin Corporation does not have a regular and established place of business within the eastern district of Wisconsin. *See also Knapp-Monarch Co. v. Dominion Electric Corp.*, 365 F.2d 175 (7th Cir. 1966). Therefore, the defendant's motion to dismiss this case for improper venue will be granted.

My resolution of the venue question makes it unnecessary for me to consider the defendant's alternative motion to dismiss for improper service. Acme Resin has also moved for an award of attorney's fees. The statute governing attorney's fees award in patent cases is 35 U.S.C. § 285, which states:

"The court in exceptional cases may award reasonable attorney fees to the prevailing party."

Generally fee awards are not granted under this statute absent a finding of unfairness, bad faith or inequitable or unconscionable conduct of the part of the losing party. *Uniflow Mfg. Co. v. King-Seely Thermos Co.*, 428 F.2d 335 (6th Cir.), cert. denied, 400 U.S. 943, 91 S.Ct. 245, 27 L.Ed.2d 248 (1970). I find no such conduct on the part of the plaintiff in this case, and thus the defendant's motion for attorney's fees will be denied.

Therefore, IT IS ORDERED that the defendant's motion to dismiss this action for improper venue be and hereby is granted.

IT IS ALSO ORDERED that the defendant's motion for an award of attorney's fees be and hereby is denied.

IT IS FURTHER ORDERED that this action be and hereby is dismissed.