## FARVAL CORPORATION v. BLAW-KNOX CO.

### No. 22259.

District Court, N. D. Ohio, E. D.
June 15, 1945.

John F. Oberlin, of Cleveland, Ohio, and William R. Day, of Detroit, Mich., for plaintiff.

Walter J. Blenko and J. Wallace Hopkins, both of Pittsburgh, Pa., and James T. Hoffmann, of Cleveland, Ohio, for defendant.

LEDERLE, District Judge.

Findings of Fact.

1. This is a patent infringement suit wherein plaintiff, The Farval Corporation, an Ohio corporation, charges the defendant, Blaw-Knox Company, with infringement in Ohio and elsewhere of certain claims of Patent No. 1,961,051, on a lubricating device, and Patent No. 1,995,342, on a metering control mechanism. Defendant admits the allegations of the complaint that it is a New Jersey Corporation registered to do business in Ohio, with a regular and established place of business in Cleveland, Ohio, within this District, "the statutory agent for such corporation being David M. Donley, Union Commerce Building, Cleveland, Ohio." Defendant coupled an attack on the jurisdiction and venue of this court with its general denial of infringement and validity of the patents in suit.

2. At a pre-trial conference held in accordance with Rule 16, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it was agreed, among other things, that plaintiff was the owner of the patents in suit at the time they were issued and that it has continued ever since to own them, and further, that defendant having from the outset contested the jurisdiction and venue of this court, such issue would be tried separately in advance of trial of all other issues in the case, in accordance with Rule 42(b). Formal pre-trial order, incorporating such stipulations, was entered on May 17, 1945, and trial followed immediately on such separate issue. Although it appears that jurisdiction, and venue, are properly laid in this court regardless of infringement by defendant in this District, a full finding of facts is being made for purposes of review.

3. The only device relied upon by plaintiff in support of its charge of infringement within this District is a lubricating system in a plant of Republic Steel Corporation at Warren, Ohio, which, plaintiff charges, conjointly uses the principles of the two patents in suit. Within six years prior to institution of this suit, this equipment was sold by the defendant to the Republic Steel Corporation.

4. The defendant's manufacturing establishment and principal place of business is located at Pittsburgh, Pennsylvania. The Chief Engineer of defendant's Lubricator Division, located at Pittsburgh, called upon the Republic Steel Corporation at Warren, Ohio, prior to the sale and installation of such lubricating system, to advise as a sales engineer in selection of proper equipment. All orders submitted to defendant are subject to approval at its Pittsburgh establishment. An order for the Republic Steel equipment was transmitted to, and accepted by, defendant at Pittsburgh. Defendant shipped it at Pittsburgh and billed it to Republic Steel Corporation, "F.O.B. Pittsburgh." The equipment was assembled and installed by Republic Steel Corporation. Defendant's said Chief Engineer was present at the request of Republic Steel Corporation and checked the completed system the first time it was put into operation by the Republic Steel Corporation.

5. The accused device was sold in Pittsburgh, Pennsylvania. There was no sale in Ohio.

6. Defendant did not use the accused device in this District.

7. Defendant did not manufacture the accused device in this District.

8. Defendant is not an inhabitant in this District.

Conclusions of Law.

1. This court has jurisdiction of this controversy as a suit arising under the patent laws. 28 U.S.C.A. § 41(7).

2. Venue in patent infringement suits is governed exclusively by Judicial Code, Section 48, which provides that in such suits the District Court shall have jurisdiction in the district of which defendant is an inhabitant or in any district in which the defendant shall have committed acts of infringement and have a regular and established place of business. 28 U.S.C.A. 109; Stonite Products Co. v. Melvin Lloyd Co., 1942, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026.

3. Where a defendant neither makes, uses nor vends an accused device within a district, there is no infringement within such district. 35 U.S.C.A. § 40; Tyler Co. v. Ludlow-Saylor Wire Co., 1915, 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808.

4. Judicial Code, Section 48 merely accords a defendant a personal privilege of objecting to the venue of patent infringement suits brought against him in districts wherein under the section he may not be compelled to answer; the privilege may be lost by failure to assert it seasonably, by formal submission in a cause or by submission through conduct; such surrender of the privilege may be regarded negatively as a waiver or positively as a consent to be sued. Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

5. A designation by a foreign corporation, in conformity with a valid statute of Ohio and as a condition of doing business within Ohio, of an agent upon whom service of process may be made, is an effective consent to be sued in an Ohio federal court for patent infringement which did not occur within the State of Ohio. Sec. 8625-4 and 8625-5, Throckmorton's Ohio Code (Baldwin 1940 Revision); Neirbo Co. v. Bethlehem Shipbuilding Corp., supra.

6. It therefore follows that an order must be entered overruling the defendant's motion to dismiss made at the close of trial on such separate issue, and this is being done simultaneously herewith.