**R. D. WERNER CO., INC., Plaintiff,**

v.

**SEARS, ROEBUCK & CO. et al.,
Defendants.**

**No. C 71–898.**

United States District Court,
N. D. Ohio, E. D.

March 30, 1972.

George I. Meisel, Squire, Sanders & Dempsey, Cleveland, Ohio, for R. D. Werner Co., Inc.

Thomas V. Koykka, Arter & Hadden, Cleveland, Ohio, for Sears, Roebuck & Co.

Anthony R. Chiara, Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for Chamberlain Manufacturing Corp.

MEMORANDUM and ORDER

WALINSKI, District Judge.

This cause came before the Court upon defendants' motion to dismiss for lack of venue under 28 U.S.C. § 1400(b), or, in the alternative, to transfer under 28 U.S.C. § 1406(a).

▇ Venue in a patent infringement action such as this is governed solely by 28 U.S.C. § 1400(b):

"* * * Any civil action for patent infringement may be brought in the judicial district where the defend-

ant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Defendant Chamberlain Manufacturing Corporation is incorporated and has its principal place of business in Iowa. Since the domicile of a corporation is its state of incorporation, for purposes of this statute, Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 226, 77 S.Ct. 787, 1 L.Ed.2d 786 (1956), it cannot be deemed to "reside" in this judicial district. See Johnson & Johnson v. Picard, 6th Cir., 282 F.2d 386, 388 (1960). Thus, venue is improper here under the first statutory basis, with respect to Chamberlain.

The ladders claimed to infringe plaintiff's patents are manufactured by Chamberlain at its Waterloo, Iowa, plant, then sold and delivered f. o. b. plant side to Sears, or its carrier, and retailed by Sears in this district and elsewhere. No manufacture of these ladders has been carried on in this district; only Sears has engaged in sales in this district of the contested ladders. Thus, defendant Chamberlain appears to have committed no possible actionable acts of infringement in this district. In the alternative, the Court is well satisfied, from an examination of the exhibits, that Chamberlain has no "regular and established place of business," which is more than merely "doing business," in the Northern District of Ohio at the time of suit. (Petersen affidavit ¶ 9; Seltzer affidavit ¶ 3; Diaz affidavit ¶'s 3 and 4). See Schnell v. Peter Echrich & Sons, 365 U.S. 260, 264, 81 S.Ct. 552, 5 L.Ed.2d 546 (1961); American Cyanamid Co. v. Nopco Chemical Co., 4th Cir., 388 F.2d 818, cert. denied, 392 U.S. 906, 88 S.Ct. 2057, 20 L.Ed.2d 1364 (1968); University of Illinois Foundation v. Channel Master Corp., 7th Cir., 382 F.2d 514, 516 (1967). Thus, venue is improper here under the second statutory basis, with respect to Chamberlain. The Court also notes that the sole connection of this action with this district

is the fact that Sears sells the allegedly infringing ladders here, as well as other places, since plaintiff is incorporated and has its principal place of business in Pennsylvania. For the above reasons the Court finds that venue is improperly laid in this judicial district as to Chamberlain.

Cure of defective venue is provided for in 28 U.S.C. § 1406(a):

" * * * The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

From the above, it appears that this Court, in the Northern District of Ohio, does not have venue of any of the patents in suit with respect to Chamberlain, and there is an issue of the propriety of this action against Sears under the method or process patents, Nos. 3,477,120 and 3,481,026. If the Sears, Roebuck catalogue may be relied upon by this Court, as it has been utilized by numerous generations of customers for any number of important purposes, it appears that Sears has retail outlets in the Eastern Division, Northern District of Iowa (p. 536, Fall and Winter 1971), and venue should be properly laid there with respect to both defendants. That district is where the allegedly infringing manufacture was accomplished by Chamberlain, and where Chamberlain sold and delivered the contested ladders to Sears.

It would appear that, by virtue of Sears, Roebuck joining in the alternative motion for transfer, it has waived any objection to venue in the transferee district, so that the action may advance apace upon transfer.

In the interest of justice, the entire action should be transferred to the Eastern Division, Northern District of Iowa, where it can be tried in a single action against both defendants with proper venue. The motion of Sears, Roebuck and Co. to dismiss, with respect to the

method or process patents, Nos. 3,477,120 and 3,481,026, will be deferred and ruling reserved, so that the transferee district court may most fully adjudicate the proper boundaries of the action before it.