**The STERLING MANUFACTURING COMPANY, d/b/a Tenatronics, Ltd. Plaintiff,**

v.

**RADIO SHACK, a Division of Tandy Corporation, et al., Defendants.**

**Civ. A. No. C73–534.**

United States District Court, N. D. Ohio, E. D.

Sept. 18, 1973.

Albert L. Ely, Jr., Ely, Golrick & Flynn, Cleveland, Ohio, for plaintiff.

James H. Tilberry and Robert V. Vickers, Meyer, Tilberry & Body, Cleveland, Ohio, and David Wolf, Boston, Mass., for Radio Shack.

James H. Tilberry and Robert V. Vickers, Meyer, Tilberry & Body, Cleveland, Ohio, and James F. Lesniak, Grand Rapids, Mich., for Ward Products.

## ORDER

KRUPANSKY, District Judge.

The Sterling Manufacturing Company (hereafter termed "Sterling") has filed an action against Radio Shack, a division of Tandy Corporation (hereafter termed "Radio Shack"), and, as an "optional defendant", Ward Products Company (hereafter termed "Ward"), charging that defendants have infringed an automobile radio antenna patent owned by Sterling. Ward has filed a motion to dismiss the complaint, on the primary ground that the Court lacks venue, and Radio Shack has filed a motion to strike certain allegations from the complaint. Subsequent thereto Sterling filed motions to amend the complaint and for an order directing defendants to withdraw pleadings and replead.

■ Sterling's motion to amend is directed to a misnomer, which is conceded by all parties, namely, the correct designation of Ward not as "Ward Products Corporation" but rather as "Ward Products Company." Since it is apparent that the difference in name is technical in nature, the motion to amend the complaint by noting Ward as a corporation is hereby granted.

In considering the issue seeking to dismiss the action as to Ward for lack of venue, the Court is directed to the applicable statutory provisions regarding venue in a patent case which provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b).

■ The venue statute reads in the disjunctive, that is venue is proper in a patent infringement case in the district (1) where the defendant resides or (2) where the defendant has committed acts

of infringement and has a regular and established place of business. *See,* Hydro-Clear Corp. v. Aer-O-Corp., 317 F. Supp. 1317 (N.D.Ohio 1970, Lambros, J.).

The residence test of venue limits the residence of a corporation to its state of incorporation. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 226, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); Johnson & Johnson v. Picard, 282 F.2d 386 (6th Cir. 1960).

Accompanying its motion to dismiss, Ward attached an affidavit of Joseph B. Cejka, President of Ward. The affidavit states that Ward is incorporated in the State of New York and has no place of business in the Northern District of Ohio. President Cejka lists a number of normal corporate activities, and alleges that none of them are carried out by Ward in the State of Ohio, including, but not limited to, allegations that Ward does not have an agent or other representative in the State of Ohio, nor does it have a telephone listing, an employee, a license to do business, real estate, or a bank account in the State of Ohio.

Sterling has not disputed the allegations of Ward. In fact, paargraph 2(b) of the complaint states in part that, "Ward is, thus, hereby invited to waive venue and appear and answer to this complaint as a defendant in this action." Paragraph 3 of the complaint states in part that, "This Court will be vested with venue as to the optional defendant Ward if Ward accepts the invitation to waive venue as extended in paragraph 2(b) above; if Ward does not so waive venue but plaintiff discovers that Ward has a regular and established place of business in Ohio where it has committed acts infringing the patent in suit, plaintiff reserves leave to join Ward as a party defendant."

In view of the affidavit of President Cejka and the above quoted allegations of the complaint, it is apparent that this Court does not have venue over Ward.

Sterling claims that Ward has waived venue. The claim of waiver is based upon an allegation found in paragraph 5(b) of the complaint which reads in part, "Further, upon information and belief, unless Ward waives venue as invited in paragraph 2 above and appears and answers as a defendant, Ward, by express or implied contract and/or by operation of law under the Uniform Commercial Code as adopted in Ohio and New Jersey, is obligated to defend and indemnify [sic] and otherwise hold Radio Shack harmless for Radio Shack's resale of unlicensed antennas which Ward has made for and sold to Radio Shack, whereby Ward will be liable as a covert intervenor if Ward does not openly appear and defend in this action." Sterling claims that the alleged obligation to defend and indemnify Radio Shack, allegedly entered into prior to filing of this action, constitutes a waiver of patent venue; however, even assuming the allegation is true, said indemnification does not constitute a waiver of venue.

In Schnell v. Peter Eckrich & Sons, 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed.2d 546 (1961), Schnell sued Eckrich for patent infringement. Eckrich was defended and represented by attorneys employed by the manufacturer of the alleged infringing devices which in turn had been sold to Eckrich. Schnell then sought to add the manufacturer as a defendant, claiming that its active participation and control of the defense constituted a waiver of venue. It was conceded that there otherwise was not venue over the manufacturer. The Supreme Court held there was no waiver of venue.

Sterling seeks to limit *Schnell* to a situation involving activities of the manufacturer subsequent to filing of the suit, stating that "Concededly, if there were no such obligation of Ward to appear and defend in this suit *before* its filing, Ward could subsequently control the defense of this suit without waiving special patent venue . . . ." (emphasis supplied). *Schnell* cannot be limited in such a narrow fashion, indeed, the facts in *Schnell* concerning indemnification are practically identical to the

allegations in this case since the contract of sale between the manufacturer and Eckrich obligated the manufacturer ". . . to defend any infringement suits which might be filed against Eckrich involving the device and to bear all of the expense thereof, including any recovery." *Id.* at 261, 81 S.Ct. at 559.

The exact claim made herein was considered and rejected in American Cyanamid Co. v. Nopco Chemical Co., 268 F.Supp. 506 (W.D.Va.1967), aff'd 388 F.2d 818 (4th Cir. 1968), cert. denied 392 U.S. 906, 88 S.Ct. 2057, 20 L.Ed.2d 1364 (1968), wherein the Court initially considered the question of whether there was venue and held in the negative. The Court then stated (at 510):

> Plaintiff, in the alternative, has urged that Nopco, by standing behind the accused product with an indemnification agreement to its customer, Quality Feeds, a resident of this district, has waived venue and has consented to suit. Even where a corporate defendant has undertaken the defense of a patent infringement action brought against one of its customers, the strictures of § 1400(b) prevent a waiver of venue. . . . Consequently, I must reject the contention that Nopco has waived its objections to venue by agreeing to hold Quality Feeds harmless.

*See generally*, Metalock Repair Service, Inc. v. Harman, 288 F.2d 308 (6th Cir. 1961); Kessinger v. State of Oklahoma, 239 F.Supp. 639 (E.D.Okl.1965).

It is apparent from the above that Ward has not waived venue and accordingly the motion to dismiss this action as to Ward for lack of venue is hereby granted.

The remaining motion is that of Radio Shack to strike certain allegations of the complaint relating to Ward. In view of the decision to dismiss this case against Ward, it will be necessary to eliminate references to Ward, thus the motion to strike is granted.

It is so ordered.