**Richard E. SELF, Plaintiff-Appellant,**

v.

**FISHER CONTROLS COMPANY, INC., and Control Specialists, Inc., Defendants-Appellees.**

No. 75–2356.

United States Court of Appeals, Ninth Circuit.

Dec. 19, 1977.

Rehearing Denied Feb. 21, 1978.

Roland T. Bryan (argued), of Bryan & Bollo, Stamford, Conn., for plaintiff-appellant.

Seymour Rothstein (argued), of Sheldon W. Witcoff, Allegretti, Newitt, Witcoff & McAndrews, Chicago, Ill., for defendants-appellees.

Before CHAMBERS and GOODWIN, Circuit Judges, and SCHNACKE, District Judge.*

PER CURIAM:

Plaintiff appeals from the dismissal of this patent infringement action, as to both defendants, by the United States District Court for the Central District of California. The Court granted the motion of Fisher Controls Company, Inc. (hereinafter, "Fisher") to dismiss the complaint for lack of venue, and the motion of Control Specialists, Inc., (hereinafter, "CSI") for summary judgment. We affirm the dismissal as to Fisher, but reverse the summary judgment in favor of CSI.

A patent infringement action against a corporate defendant, such as Fisher, may be brought in a judicial district (a) where it resides, which can only be a district within its state of incorporation, or (b) where it has committed acts of infringement and has a regular and established place of business [28 U.S.C. § 1400(b); *Sterling Mfg. Co. v. Radio Shack*, 364 F.Supp. 1068, 1069–1070 (N.D.Ohio 1973)]. Fisher does not reside in the Central District of California, and, for purposes of this appeal, the parties are assuming that Fisher has a regular and established place of business in the Central District. Thus, the issue as to Fisher is whether it has committed acts of infringement in the Central District.

---

* The Honorable Robert H. Schnacke, United States District Judge for the Northern District of California, sitting by designation.

■ Plaintiff relies heavily on the fact that orders for the allegedly infringing devices were solicited in the Central District, though the orders were approved, and the sales consummated, outside that district. But for a sale to constitute an act of infringement in a given district, the sale must have been consummated in that district (*Endrezze v. Dorr Co., Inc.*, 97 F.2d 46, 47–48 (9th Cir. 1938)].

■ Plaintiff also argues that Fisher in the Central District, has actively induced infringement and committed acts of contributory infringement, which conduct is actionable under 35 U.S.C. § 271(b), (c). A "conditional infringer" has been defined as a person who induces, aids or contributes to the wrongful acts of another which constitute infringement of a patent. [*Stamicarbon, N. V. v. McNally-Pittsburg Mfg. Corp.*, 302 F.Supp. 525 (D.Kansas, 1969)]. Contributory infringement actions are limited to situations where defendant itself has not directly infringed the patent by making, using, or selling the invention, under 35 U.S.C. § 271(a), but has induced someone else to infringe the patent [*Gould-National Batteries, Inc. v. Sonotone Corp.*, 130 USPQ 26, 29–30 (N.D.Ill.1961); see also *Honeywell, Inc. v. Metz Apparatewerke*, 509 F.2d 1137, 1141 (7th Cir. 1975); *Stearns v. Tinker & Rasor*, 252 F.2d 589, 601 (9th Cir. 1957)].

It is undisputed that Fisher makes and sells the accused devices, but outside the Central District, so that, if there is infringement, it would be actionable under § 271(a) only where any such infringement occurred.

■ Unlike Fisher, CSI is a California corporation with its principal place of business in the Central District. Thus, even if CSI's infringing acts, if any there were, were not committed in the Central District, venue is still proper in that district as to CSI. And CSI, for any such acts, would be liable to plaintiff.

■ Thus, the grant of the motion for summary judgment on the grounds that there was no genuine issue of material fact as to whether CSI infringed the patent "in this [Central] District" invoked an inappropriate standard. The patent at issue covers a valve for use in high energy loss fluid control. On one key question—whether the substitution of the Cavitrol III valve trim (hereinafter, "CIII") in valves for two customers constituted sales in the Central District—the district judge concluded that there was no sale consummated of CIII trim, "but, if so, it was in Iowa." This, in itself almost concedes that there is a factual dispute as to whether there was a sale of CIII trim by CSI.

The determination of whether CSI participated in sales of CIII trim to Chanslor-Western or to Arco, and whether CSI "made" or "used" the infringing device, require a balancing of the evidence and an appraisal of knowledge, motivation and purpose of CSI. These matters may not be settled by summary judgment.

■ In sum, infringing acts, if any, by CSI are actionable, whether or not committed in the Central District, and in view of the factual questions that remain as to CSI's involvement with the CIII trim, the motion for summary judgment should not have been granted, at least not in its entirety [see F.R.Civ.P., Rule 56(c)]. Indeed, there may well be other factual disputes material to whether CSI is liable to plaintiff under any of the provisions of 35 U.S.C. § 271 and other statutes.

Therefore, while the dismissal as to Fisher is affirmed, the summary judgment as to CSI is reversed. The action, as to CSI alone, is hereby remanded to the district court, for proceedings consistent with this opinion.