**JERVIS B. WEBB COMPANY, Plaintiff,**

v.

**SOUTHERN SYSTEMS, INC., Defendant.**

Civ. No. 973935.

United States District Court, E. D. Michigan, S. D.

July 17, 1980.

Neal A. Waldrop, Troy, Mich., for plaintiff.

John R. Walker, Noel A. Gage, Southfield, Mich., for defendant.

---

## MEMORANDUM OPINION

DeMASCIO, District Judge.

The defendant filed this motion to dismiss plaintiff's patent infringement action for improper venue. Defendant argues that in a patent infringement action, 28 U.S.C. § 1400(b) is the exclusive venue provision and that section allows plaintiff to bring suit only in the district where defendant resides or where defendant has a regular and established place of business and has committed acts of infringement. We agreed with defendant and entered an order finding that defendant, a Tennessee corporation, does not reside in this district, *Dual Mfg. & Engineering, Inc. v. Burris Industries, Inc.*, 531 F.2d 1382, 1385 (7th Cir. 1976) (a corporation is a resident of only the state of its incorporation), that defendant does not have a regular and established place of business in this district, and that no manufacturing, sale or use of an infringing device has taken place in this district. We then concluded that venue would be proper only if "the court finds that the defendant actively induced an infringement in this district." Order, March 28, 1980. We, therefore, allowed the parties to engage in discovery limited to the question whether defendant's activities in this district could be considered an active inducement to infringe plaintiff's patent within the meaning of 35 U.S.C. § 271(b), which provides:

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

The parties have completed their discovery and we must now determine whether, as plaintiff contends, defendant actively induced an infringement in this district.

In support of its motion to dismiss, the defendant argues that it did not engage in any activity that could be considered an inducement to infringe, that the engineering work performed in this district (at the Troy and Southfield offices) on infringing products merely added detail to standard drawings provided by defendant's Memphis, Tennessee plant, that it did not perform any original design work in this district, and that, on the two allegedly infringing products installed in Illinois and Missouri, the work done in this district was done *after* those jobs were contracted for and thus could not constitute an inducement to infringe. Thus, the defendant concludes that it did not induce an infringement in this district and that, even if there were active inducements taking place in this district, they were not substantial enough to justify finding venue in this district.

The plaintiff does not disagree with defendant's description of the nature or extent of the work defendant performs in this district. Plaintiff's brief at 12. Instead, plaintiff argues that the engineering work performed in the Troy office for conveyors manufactured, used, and sold in other districts induced the infringements occurring in those districts and this is all that is required for venue in this district. There is some support for this argument in *Buffalo Forge Co. v. Advanced Machine Design Co.*, 188 U.S.P.Q. 408 (W.D.N.Y. 1975). In *Buffalo Forge Co.*, the activity of an engineering office, which did all of the engineering and drafting work on the infringing device, was found to constitute an inducement to infringe upon which venue could be founded. Plaintiff contends that the broad definition of inducement adopted in *Buffalo Forge Co.* supports a finding that an inducement to infringe occurred in this district because, without the engineering work performed in defendant's Southfield and Troy offices, the actual infringements that occurred outside this district would not have been possible. Thus, plaintiff would have us conclude that the engineering work performed here caused or aided the actual infringement that occurred elsewhere and, therefore, constitutes an inducement.

It is clear to us, however, that *Buffalo Forge Co.* is distinguishable from this case. In *Buffalo Forge Co.*, all of the engineering and the drafting work were done in the district where suit was filed so that the court could truly determine that "without this work, the [infringing product] could not be built." In this case, however, the engineering activity was only incidental and

amounted to merely adding detail to standard drawings or processing drawings from sketches prepared in Tennessee. The engineering activity that took place in this district was not a significant part of defendant's production and sale of the infringing devices, as was the case in *Buffalo Forge Co.* Thus, even if § 271(b) is correctly interpreted in *Buffalo Forge Co.*, we find that there is not sufficient activity in this district to constitute an inducement to infringe.

 In any event, our view of § 271(b) is at odds with the interpretation plaintiff is suggesting. Plaintiff would have us find that an actual infringer, that is, one who manufactures and sells an infringing product, can also be an inducer of infringement. We believe that such a broad interpretation is beyond the intended scope of § 271(b). Section 271(b) and (c) were intended to codify previously developed case law on contributory infringement. 7 Deller, Walker on Patents § 514; 4 Chisum, Patents § 17.02[6] (citing legislative history). The doctrine of contributory infringement was a means of holding liable a person who was not a direct infringer but who aided and abetted a direct infringement. 4 Chisum, Patents § 10.02 at 17; *cf. Dawson Chemical Co. v. Rohm and Haas Company,* —— U.S. ——, 100 S.Ct. 2601, 65 L.Ed.2d 696. Inducement within the scope of § 271(b) includes only activity performed by a third person who causes another to directly infringe a patent. Thus, one who induces an infringement and a direct infringer cannot be the same person or entity. In *Self v. Fisher Controls Company, Inc.,* 566 F.2d 62, 64 (9th Cir. 1977), the court held:

> Contributory infringement actions are limited to situations where defendant itself has not directly infringed the patent by making, using, or selling the invention, under 35 U.S.C. § 271(a), but has induced someone else to infringe the patent . . .

It is undisputed that Fisher makes and sells the accused devices, but outside the Central District, so that if there is infringement, it would be actionable under § 271(a) only where any such infringement occurred.

*See e. g., Noll v. O. M. Scott & Sons Company,* 467 F.2d 295 (6th Cir. 1972), *cert. denied,* 411 U.S. 965, 93 S.Ct. 2143, 36 L.Ed. 685.

 In this case, defendant's alleged inducement to infringe is actually a part of the direct infringement that defendant would be liable for because of its manufacture and sale of the infringing product. The engineering activities that took place in Southfield and Troy were internal operations of the defendant and they were not directed to any third person with the purpose of inducing that third person to infringe. They were merely a part of defendant's own activity of direct infringement by the manufacturer and sale of an infringing product. The defendant cannot be held as a direct infringer and then be treated as though it had induced a direct infringement merely to establish venue in this district.

Accordingly, we conclude that venue in this district is not proper under 28 U.S.C. § 1400(b) and defendant's motion to dismiss should be granted.

IT IS SO ORDERED.