**PICKER INTERNATIONAL, INC., Plaintiff,**

v.

**VARIAN ASSOCIATES, INC., Defendant.**

**No. C86–328.**

United States District Court, N.D. Ohio, E.D.

May 18, 1987.

**348**

Hal D. Cooper, Jones, Day, Reavis & Pogue, Kenneth R. Adamo, James A. Hofelich, Cleveland, Ohio, for plaintiff.

James H. Woodring, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

Defendant, Varian Associates, Incorporated (hereinafter "Varian"), a Delaware Corporation with its principal place of business in Salt Lake City, Utah, has filed a motion to dismiss for improper venue under 28 U.S.C. § 1400(b) or alternatively for a change of venue pursuant to 28 U.S.C. 1404(a) to the District of Utah. Plaintiff, Picker International, Incorporated (hereinafter "Picker"), is a New York Corporation with its principal place of business in this District in Highland Heights, Ohio.

Plaintiff filed this patent infringement action on February 10, 1986 under 28 U.S.C. 1338, alleging defendant's infringement of U.S. Patent No. 4,315,182 issued February 9, 1982 for which plaintiff is assignee. The patent encompasses a frosted glass x-ray tube. Plaintiff alleges both (1) direct infringement of its patent through defendant's manufacturing, using and selling the patented invention and (2) indirect infringement of the patent by the defendant's inducement of others to infringe by similar use and sales in this district.

The uncontested facts as provided by affidavit are as follows:

Varian's frosted x-ray tubes are manufactured only in Salt Lake City. Although Varian has a sales office located in this District, it is not engaged in the sales or servicing of the accused x-ray tubes. Rather, Varian has a Chicago-based marketing engineer who entered this District on numerous occasions for the purpose of soliciting sales of x-ray products, including the accused tube. No samples of the accused tubes accompanied the marketing representative into this District, hence no use or demonstration of the accused tube by Varian's representative occured in this District. Finally, Varian's marketing engineer is not authorized to accept orders; rather, all orders for the accused x-ray tubes were forwarded to Salt Lake City for acceptance there and shipped f.o.b. directly to the purchaser.

## I. The Motion to Dismiss For Improper Venue

### A. Direct Infringement

Venue for patent actions is governed solely and exclusively by 28 U.S.C. 1400(b) which provides:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Since a corporation is a "resident" of only the state of its incorporation, *Farco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), Varian "resides" in Delaware, it is the latter part of this statute that forms the basis of the instant claim to venue. As defendant does not contest the fact that it has a regular and established place of business within this District, examination will be focused upon the requisite "acts of infringement" allegedly committed here.

The acts constituting infringement of patents are set out in 35 U.S.C. § 271(a):

[W]hoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefore, infringes the patent.

It is apparent that plaintiff does not allege either defendant's manufacture or use of the accused x-ray tubes in this District. The question presented, then, is whether defendant Varian has "sold" in this District any of its allegedly infringing x-ray tubes as of the date of the filing of this action.

■ Defendant Varian premises its Motion to Dismiss upon the so-called "consummated sale doctrine." According to this doctrine, no sale for patent venue purposes occurs in a district where a dealer solicits orders there and forwards the order to a manufacturer in a second district, from which the manufacturer ships the goods directly to the customer. *W.S. Tyler Co. v. Ludlow-Saylor Wire Co.*, 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808 (1915); *R.D. Werner Co., Inc. v. Sears, Roebuck & Co.*, 349 F.Supp. 660, 661 (N.D.Ohio 1972); *Farval Corp. v. Blaw-Knox Co.*, 60 F.Supp. 900 (N.D.Ohio 1945).

Defendant therefore argues that in applying the consummated sale doctrine, venue here is improper because no "sale" in the Uniform Commercial Code context of the accused x-ray tubes occurred in this District. Thus, defendant asserts that its marketing engineers, having no authority to bind the purchaser and forwarding orders to the Utah plant for acceptance and shipment directly to the customer, did not engage in conduct sufficient to constitute a sale and that consequently venue in this district is improper.

Plaintiff, however, has briefed the Court concerning a new test that is evolving which focuses on the degree of conduct of the defendant within the district and not upon whether the defendant technically consummated the sale within the district. Those courts reassessing the consummated sale doctrine hold that the physical presence of a defendant's sales representative in the district, their continuous solicitation of orders there, coupled with the physical presence and demonstration of the accused item is a sufficient degree of conduct to constitute an infringing sale for the purposes of establishing venue in the district where this conduct occurred. *See, e.g., Union Asbestos & Rubber Co. v. Evans Prod. Co.*, 328 F.2d 949 (7th Cir.1964); *Ingersoll-Rand Co. v. Rockwell International, Inc.*, 420 F.Supp. 277 (S.D.Fla.1976).

The case at bar is the first of its type to appear before this Court since *Union Asbestos* and progeny have exerted their influence on the application of the act of infringement requirement. Plaintiff, aware that venue clearly does not lie in this District under the consummated sale doctrine, is now urging the Court to adopt the more liberal *Union Asbestos* rule, confident that venue in this district is proper under that test.

■ While it is noted the impact which *Union Asbestos* and progeny have had in partially eroding the common law and Uniform Commercial Code definitions of a sale in the patent venue context, nonetheless the Court is constrained to continue following the lead of both the Supreme Court and this District in applying the consummated sale doctrine. The competing authority cited above appears to premise its reasoning on the belief that "the 'act of infringement' requirement is liberally construed." *William Sklaroff Design Associates, Inc. v. Metcor Manufacturing, Inc.*, 224 USPQ

**350**

760, 772 (N.D.Ill.1984). This construction does not comport with the Supreme Court's admonition regarding application of the patent venue statute: "the requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction" *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264, 81 S.Ct. 557, 560, 5 L.Ed.2d 546 (1961), quoting *Olberding v. Ilinois Central R. Co.*, 346 U.S. 338, 340, 74 S.Ct. 83, 85, 98 L.Ed. 39 (1953).

In presenting the *Union Asbestos* rule to the Court, Picker intimates that the consummated sale doctrine, owing to its early 20th Century birth, is obsolete. On the contrary, the consummated sale doctrine while early in inception, is contemporary in application. *Laitram Corp. v. Rexnord, Inc.*, 226 USPQ 971 (D.Md.1985); *In re Amoxicillion Patent and Antitrust Litigation*, 220 USPQ 379 (D.D.C.1982); *Self v. Fisher Controls Co., Inc.*, 566 F.2d 62 (9th Cir.1977).

In applying the consummated sale doctrine to the facts at bar, the Court finds that the conduct of Varian's marketing representatives in this district, being powerless to bind purchasers and forwarding all orders to the Utah plant for acceptance and shipment f.o.b. directly to the buyer, does not constitute an act of infringement in this District. Varian's conduct here does not meet the statutory test of venue for alleged direct infringement.

**B. Indirect Infringement**

Plaintiff further contends that the solicitation of orders in this District by defendant's marketing representative constitutes inducement, and thus an "act of infringement" within this District. Plaintiff bases this claim of inducement of infringement upon 35 U.S.C. § 271(b) which states: "Whoever actively induces infringement of a patent shall be liable as an infringer."

It is well settled that the doctrine of "actively inducing infringement," referred to in § 271 along with direct acts of infringement (§ 271(a)), is not available as a separate source of liability against one

who is also alleged to be a direct infringer. *See, e.g., Laitram Corp.*, 226 USPQ at 971; *Jervis V. Webb Co. v. Southern Sup. Inc.*, 495 F.Supp. 145 (D.C.Mich.1980); *Self*, 566 F.2d at 64. In the present action, plaintiff has alleged that the defendant directly infringed the patent by the manufacture, use or sale of the accused x-ray tubes. Consequently, plaintiff cannot alternatively allege that the defendant is liable for inducement of infringement. Thus, although acts of inducement under § 271(b) may fulfill the acts of infringement requirement of 28 U.S.C. § 1400(b) under appropriate circumstances, the facts of the instant case render § 271(b) unavailable to Picker as an alternate avenue for the predication of venue in this District.

**II. Defendant's Motion for Change of Venue**

Having concluded that the facts fail to show the requisite acts of infringement for venue to be proper in this District, it is not necessary to address Varian's *forum non conveniens* argument under 28 U.S.C. § 1404(a) for transfer of this action.

Thus, the defendant's motion to dismiss for improper venue is granted, and this case is transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the District of Utah.

IT IS SO ORDERED.