**MEDICAL DESIGNS, INC.**

v.

**ORTHOPEDIC TECHNOLOGY, INC., a California corporation, and Rudy Hernandez, an individual.**

No. CA4–87–812–K.

United States District Court,
N.D. Texas,
Fort Worth Division.

March 31, 1988.

Thomas W. Blow, Tyler, Tex., for plaintiff.

Frederick S. Adams, Jr., Adams & Sherwood, Dallas, Tex., for defendant Orthopedic Technology, Inc.

Jerry R. Selinger, Baker, Mills, & Glast, Dallas, Tex., for defendant Rudy Hernandez; Paul W. Vapnek, Margaret M. Powers, Townsend & Townsend, San Francisco, Cal., of counsel.

## MEMORANDUM OPINION

BELEW, District Judge.

Pending before the Court is the motion to dismiss of Defendant Orthopedic Technology ("Orthopedic") to dismiss this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, to which Plaintiff has failed to respond. The Court, having reviewed the pleading as well as the applicable law is of the opinion that Orthopedic's motion is well-taken and should be granted.

### I. Facts

On November 24, 1987, Medical Designs, Inc. ("Designs") filed this patent infringement lawsuit against the above named Defendants for the alleged infringement of Plaintiff's Patent No. 4,407,276 for a brace for articulated limbs and Design No. 269,-379 for an articulated knee brace. Designs claims that Defendants infringed upon these patents by using and practicing the above patented inventions in Texas by having made, used and/or sold orthopedic appliances that infringe upon these patents.

Orthopedic is a California corporation, with its principal and sole place of business located in San Leandro, California. Further, Orthopedic states that all its employees are located in San Leandro, except its sales representatives, who are located throughout the country. Orthopedic main-

tains that it has never maintained any type of office, facility or other place of business within this District, nor does it own, lease or rent any space within the District or maintain any bank accounts here.

Defendant Rudy Hernandez ("Hernandez") solicited sales for Orthopedic in a territory which is within the confines of the Northern District. He left Orthopedic's employ on January 31, 1987. Presently, Orthopedic claims that it no longer has any sales representative soliciting orders for it within the District. Orthopedic asserts that Mr. hernandez was paid a salary by them while he was in training. However, once a representative's commissions exceed this salary, the representative is only paid the commissions he earns.

Further, Orthopedic claims that its representatives maintain one or two samples of each product for solicitation purposes. However, beyond that, all of Orthopedic's inventory is stored in San Leandro, California. If an order is placed. the sales representative telephones the San Leandro headquarters. The final decision as to whether to fill the order is made by personnel in San Leandro and not by the soliciting representative. The product is shipped directly from California to the buyer and payment is sent directly to the San Leandro headquarters.

Orthopedic moves the Court to dismiss this patent infringement action for improper venue pursuant to 28 U.S.C. § 1400(b).

## II. Venue

Jurisdiction over this matter is conferred upon this Court by 28 U.S.C. § 1338(a).[1] Plaintiff alleges that venue is laid in this District pursuant to 28 U.S.C. § 1400(b). Section 1400(b) is the exclusive venue statute for patent infringement actions. *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 229, 77 S.Ct. 787, 792, 1 L.Ed.2d 786 (1957). This statutory provision states that:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400(b).

■ The venue requirements of section 1400(b) are stated such that either the residence or acts of infringement and a regular place of business in the judicial district will suffice to establish venue. If residence cannot be shown, the plaintiff bears the burden of proving both acts of infringement and a regular place of business in order to establish proper venue. *L.D. Schreiber Cheese v. Clearfield*, 495 F.Supp. 313, 317 (W.D.Pa.1980).

### 1. Residence

■ For the purposes of the patent venue statute, a corporation "resides" only in the state where it is incorporated. *Brunette Machine Works, ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 707, 92 S.Ct. 1936, 1937, 32 L.Ed.2d 428 (1972). In the present case, Orthopedic is a California corporation with its principal, and apparently only, place of business being located in San Leandro, California. Further, Orthopedic claims that it does not maintain any office space nor maintain any bank accounts within this District. The company also maintains that at the present time, it does not have any sales representatives soliciting orders within this District.

Individual Defendant Hernandez appears to be a resident of Texas. However, Orthopedic claims that he was an independent sales agent who merely solicits orders for them and then forwarded orders to the San Leandro facility to be filled. Orthopedic also states that Mr. Hernandez left their employ on January 31, 1987.

Thus, for venue purposes, Orthopedic is a California corporation with its sole place of business being San Leandro, California. Therefore, Plaintiff must establish that Orthopedic "has committed acts of infringement and has a regular and established place of business" in the Northern District

---

**1.** 28 U.S.C. § 1338(a) states:
   The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents.... Such jurisdiction shall be exclusive of the courts of the states in patent ... cases.

of Texas, Fort Worth Division in order for venue to be proper for the patent infringement claim.

## 2. Acts of Infringement

■ The acts constituting infringement of patents are set out in 35 U.S.C. § 271(a):

[W]hoever without authority makes, uses or sells any patented invention, within the United States, during the term of the patent therefore, infringes the patent.

Since Plaintiff apparently does not allege that Orthopedic manufactured or used of the accused product in this District, the question presented is whether Orthopedic, through its allegedly independent salesman, Hernandez, sold the product in question in this District as of the date of the filing of this action.

The Court notes that during its research on this issue, it discovered no recent Fifth Circuit[2] or Texas cases to guide it in its determination of this issue. Thus, the Court shall look to decisions entered in other Circuits and Districts for guidance.

Some cases have held that maintenance of a sales representative who solicits sales but does not consummate them within a given district does not constitute an act of infringement in that district. *See, e.g., Self v. Fisher Controls Co.,* 566 F.2d 62 (9th Cir.1977) (per curiam); *In re Amoxicillin Patent and Antitrust Litigation,* 220 USPQ 379 (D.D.C.1982). Orthopedic appears to be basing its Motion to Dismiss upon a doctrine known as the "consummated sale doctrine." According to this doctrine, no sale for patent venue purposes occurs in a particular district where a dealer or a salesman solicits orders within that district and then forwards these orders to a manufacturer located in another district, California here, from which the manufacturer ships the goods directly to the consumer. *W.S. Tyler Co. v. Ludlow–Saylor Wire Co.,* 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808 (1915); *R.D. Werner Co., Inc. v. Sears, Roebuck & Co.,* 349 F.Supp. 660, 661 (N.D. Ohio 1972); *Farval Corp. v.*

*Blaw–Knox Co.,* 60 F.Supp. 900 (N.D.Ohio 1945).

Orthopedic therefore argues that in applying the consummated sale doctrine, venue here is improper because no "sale" under the terms of the Uniform Commercial Code of the product in question occurred within this District. Specifically, Orthopedic asserts that since Hernandez was an independent salesman who forwarded the purchase orders to California to be filled he did not engage in conduct sufficient enough to constitute a sale and thus venue in this District is improper.

Various district courts have utilized a new test which focusses on the amount of conduct on the part of the defendant within the district instead of relying upon whether the defendant technically consummated the sale of the product in question within a given district. These courts that have elected to reassess the consummated sales doctrine have held that the physical presence of a sales representative of a defendant within their district, their ongoing solicitation of business there, and the physical presence and demonstration of the product in question in that district is a sufficient degree of conduct to constitute an infringing sale for establishing venue within the district where the conduct occurred. *See, e.g., Union Asbestos & Rubber Co. v. Evans Prod. Co.,* 328 F.2d 949 (7th Cir. 1964); *Ingersoll–Rand Co. v. Rockwell International, Inc.,* 420 F.Supp. 277 (S.D.Fla. 1976).

While the Court notes that *Union Asbestos* and its progeny have had a limiting effect on the common law and Uniform Commercial Code's definition of sales in the patent venue context, the Court elects to follow the lead of the Supreme Court and those districts which apply the consummated sales doctrine. The competing authority relied upon by these district courts seems to base their reasoning on the belief that "the 'act of infringement' requirement is liberally construed." *William Skaroff Design Associates, Inc. v. Metcor Manufac-*

---

**2.** The Court notes that the most recent Fifth Circuit opinion is that of *Dalton v. Shakespeare,* 196 F.2d 469 (5th Cir.1952).

*turing, Inc.,* 224 USPQ 760, 772 (N.D.Ill. 1984). This interpretation does not appear to comport with the Supreme Court's dictate regarding the application of the patent venue statute: "the requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction" *Schnell v. Peter Eckrich & Sons, Inc.,* 365 U.S. 260, 264, 81 S.Ct. 557, 560, 5 L.Ed.2d 546 (1961), *quoting Olberding v. Illinois Central R. Co.,* 346 U.S. 338, 340, 74 S.Ct. 83, 85, 98 L.Ed. 39 (1953).

In reviewing the opinions of those courts that rely on the *Union Asbestos* holding, it appears to this Court that they are intimating that the consummated sales doctrine is no longer viable. The Court notes on the contrary, the consummated sales doctrine is alive and well and continues to enjoy a fruitful existence as exhibited by these recent holdings. *Laitram Corp. v. Rexnord, Ind.,* 226 USPQ 971 (D.Md.1985); *In re Amoxicillin Patent and Antitrust Litigation,* 220 USPQ 379 (1982); *Self v. Fisher Controls Co., Inc.,* 566 F.2d 62 (9th Cir. 1977). In applying the consummated sale doctrine to the facts at bar, the Court finds that the conduct of Defendant Hernandez on behalf of corporate Defendant Orthopedic did not constitute an act of infringement in this District. Therefore, Orthopedic's complained of conduct does not meet the statutory test for venue.

### III. Conclusion

Based upon the foregoing reasoning, the Court finds that Orthopedic's motion to dismiss for improper venue is hereby GRANTED. A Judgment in conformance with this Memorandum Opinion shall be entered this same date.

IT IS SO ORDERED.