**SURESAFE INDUSTRIES, INC.**
**Intertrack Management,**
**Inc., Plaintiffs,**

v.

**C & R PIER MFG., Richard Clifton,**
**& Chuck Giles, Defendants.**

**Civ. No. 92–1050–E(LSP).**

United States District Court,
S.D. California.

April 28, 1993.

Jerome Norris, Antonelli, Terry, Stout & Kraus, Washington, DC, and J.S. Kopelowitz, Branscomb & Kopelowitz, San Diego, CA, for plaintiffs.

Jeffrey G. Sheldon and Howard L. Hoffenberg, Sheldon & Mak, Pasadena, CA, for defendants.

## MEMORANDUM DECISION AND ORDER

ENRIGHT, District Judge.

This is an action for infringement for U.S. Patent No. 4,937,989 (the '989 patent) claiming a mobile home support that elevates and ties together "trailer-like" sections of mobile homes. The suit is brought by plaintiffs Sure Safe Industries, Inc. ("Sure Safe") and Intertrack Management, Inc. ("Intertrack") against defendants C & R Pier Mfg. ("C & R"), its president, Richard Clifton, and a former shareholder of C & R Pier, Chuck Giles.

The '989 patent claims a combination of three assemblies: 1) a pair of piers; 2) a two-part clamp to engage an I-beam (the "marriage lock", and 3) a tie-rod assembly for connecting piers. The '989 patent does not contain claims for any single subassembly by itself. Only a product comprised of all three subassemblies arranged as set out in the claims infringes.

Defendants have brought three motions for summary judgment: 1) based on noninfringement; 2) based on invalidity; and 3) by Chuck Giles.

## I. *LEGAL STANDARD*

Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment against a party which "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact and that judgment may be entered as a matter of law. *Richards v. Neil-*

*sen Freight Lines,* 810 F.2d 898, 902 (9th Cir.1987). "[A] party opposing a properly supported motion for summary judgment ... 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (*citing* Fed.R.Civ.P. 56(e)) (footnotes omitted). All justifiable inferences are to be drawn in the non-movant's favor. *Id.* at 255, 106 S.Ct. at 2513–14.

## II. *MOTION FOR SUMMARY JUDGMENT BASED ON NONINFRINGEMENT*

Defendant C & R sells piers to support sections of mobile homes. Since at least 1971, the predecessor-in-interest to C & R had been selling a pier for mobile home sections. One version of the pier has a pyramid-like shape and is comprised of a square base with four stanchions at each corner of the base which extend upward at an inward angle and converge together at a tubular collar.

C & R also sells tie-rods to connect sections of mobile homes. Since at least 1971, mobile manufacturers and installers have been supplying a tie rod to connect together multiple sections of mobile homes. The tie rod is either: 1) a simple all-threaded rod, or 2) a square tube with threaded rod extensions at each end of the square tube. The rods are run through the holes and secured to the I-beams using nuts and washers.

In about 1988, C & R developed a two-part clamp for engaging the I-beam of a subcarriage. C & R sells this two-part clamp as part of several products. The two part clamp can be provided with a pier or with a tie-rod, but not both. The '887 patent was issued to cover C & R's clamp.

The dispute regarding this motion is whether:

1) defendants have directly infringed plaintiffs' '989 patent by selling their products in combination; or

2) whether, if some unknown third person has directly infringed the '989 patent, defendants induced or contributed to the infringement.

35 U.S.C. § 271 provides that patent infringement can occur by direct infringement, inducing infringement and/or contributory infringement. If the independent claims 1 and 4 are not infringed, then the corresponding claims 2, 3, and 5 are not infringed. *See Wahpeton Canvas Co. v. Frontier, Inc.,* 870 F.2d 1546 (Fed.Cir.1989).

■ Plaintiffs have the burden of proving infringement by a preponderance of the evidence. *SmithKline Diagnostics, Inc. v. Helena Labs Corp.,* 859 F.2d 878, 889 (Fed.Cir. 1988). Consequently, there are many decisions granting summary judgment based upon noninfringement. *See e.g., Molinaro v. Fannon/Courier Corp.,* 745 F.2d 651, 655 (Fed.Cir.1984).

### A. *Direct Infringement*

■ Direct infringement requires that the accused device embodies every element of the claim. *Builder's Concrete v. Bremerton Concrete Products,* 757 F.2d 255 (Fed. Cir.1985). The doctrine of equivalents allows the court to find infringement when the accused device and claimed invention perform substantially the same function in substantially the same way to yield substantially the same result. The Federal Circuit has held that the doctrine of equivalents does not relieve a plaintiff from showing a 1:1 correspondence between every element of a claim or its substantial equivalent and the accused product. *Pennwalt Corp. v. Durand–Wayland, Inc.,* 833 F.2d 931, 935 (Fed.Cir.1987). The Federal Circuit has also noted that the doctrine of equivalents is disfavored. *See London v. Carson Pirie Scott & Co.,* 946 F.2d 1534, 1538 (CA FC 1991).

■ The '989 patent is for a combination of three sub-assemblies: a) a pair of piers; b) a two-part clamp; and c) a tie-rod. The '989 patent does not individually claim any single assembly. Piers, tie-rods and two-part clamps were all in existence prior to the filing of the application for the '989 patent.

This court essentially agrees with defendants that what the '989 inventors accomplished was to make the improvement of

attaching the tie rod to the piers. They did not invent the tie rod, piers or marriage lock. Thus, defendants did not infringe the '989 patent, because their products cannot create all three subassemblies combined as specified in the claims in plaintiffs' patent.

Specifically, the underlying elements of claims 1 and 4 cannot be found in defendants' product. These claims require physical connection between the piers and the tie-rod, whereas defendants submit convincing evidence that their model of the pier and tie-rod cannot be attached.

The accused product is missing at least four elements of the claimed combination of claim 1, and five elements of claim 4, for which there is no equivalent at all. The missing elements from claim 1 of the patent in suit are:

1) a nonrotatable hex nut that supports a threaded rod on the horizontal pad;

2) a tie-rod assembly that is transversely situated between a pair of I-beams while being in alignment with a pair of piers that support the I-beams;

3) a transverse tie-rod assembly being secured to two I-beams by engaging two-part clamps of the piers; and

4) a tie-rod assembly having adjustably threaded rods disposed at opposite ends thereof.

The missing elements from claim 4 of the patent in suit are:

1) a nonrotatable hex nut that supports a threaded rod on the horizontal pad;

2) piers having a cylindrical collar containing an intermediately situated threaded aperture;

3) a tie-rod assembly that is connected at each end to respective intermediate collar threaded apertures of a pair of piers;

4) a tie-rod assembly connected at the threaded aperture of each pier collar;

5) a cylindrical collar containing an intermediately situated threaded aperture; and

6) adjustably threaded rods disposed at opposite ends of the tie rod.

Therefore, the 1:1 correspondence between claimed elements and the accused product is not satisfied and there is no literal infringement.

Plaintiffs rely on a declaration prepared by their expert, Hendershot, who compares each element of the C & R support unit with each element of independent claims 1 and 4 of the patent. He concludes that the elements in the support unit of C & R are essentially the same, function in the same way, and accomplish the same result of preventing multiple sections of mobile homes from separating. Furthermore, he declares that the key element in the patented device is also the key element in the infringing device of the C & R Pier, namely the marriage lock. Thus, plaintiffs argue they have carried their burden of showing there is a genuine issue of material fact regarding the infringement issue because they have produced evidence that infringement exists under the doctrine of equivalence.

However, defendants present convincing evidence that their products do not function in the same way as the claimed product because it is physically impossible to combine the C & R tie rod and piers into one unit since each lacks any means to engage the other. This is in contrast to plaintiffs' pier and tie rod which fit together by means of a stud and socket. Furthermore, defendants argue that it would be impractical, dangerous and unacceptable to connect the C & R pier and tie rod because it would result in the pier being centered directly underneath the I-beam, which is a dangerous condition. Additionally, in a supplemental reply, defendants submit deposition testimony of Mr. Flickinger which indicates that Sure Safe attempted to attach and engage the C & R products for purposes of demonstration at this motion hearing, but were unable to do so without structural modification of the C & R Pier.

Additionally, defendants have filed several objections to plaintiffs' evidence, including objections to the Hendershot declaration. First, they argue that the declaration lacks foundation for a technical expert because there are no particularized details of where he attended school, what degree he holds, where he has worked, etc. The only foundation provided is that he has a civil engineering degree, that he worked as a structural

engineer and that he is familiar with mobile home supports. Furthermore, defendants argue that expertise as a structural engineer does not qualify Hendershot as an expert in mobile home support systems. Finally, they argue that his statements are merely conclusory. The court agrees with defendants that the Hendershot declaration is lacking in foundation. The court, therefore, weighs it accordingly.

Because it finds that there is not a 1:1 correspondence between elements in the claimed elements and the accused product, and the products do not function in similar ways, this court finds that defendants are entitled to summary judgment on the non-infringement claim.

### B. *Inducing Contributory Infringement*

■ Since plaintiffs have alleged direct infringement, they have no standing to assert inducing or contributory infringement. *See Picker Int'l Inc. v. Varian Assoc., Inc.,* 661 F.Supp. 347, 350 (N.D.Ohio 1987).

■ In any event, because this court grants summary judgment on the direct infringement claim, the inducing and contributory infringement claims are non-meritorious since an element of both claims is that the conduct being encouraged constitutes direct infringement. *See Hewlett–Packard Co. v. Bausch & Lomb, Inc.,* 909 F.2d 1464 (Fed. Cir.1990); *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964). As noted, supra, the C & R products cannot be combined in an infringing manner without structural modification. The mere fact that defendants sell parts that are similar to those used in the '989 patent, does not make them liable for contributory or inducing infringement since the products cannot be combined in an infringing manner.

Furthermore, C & R's pier and tie rod are each staples of commerce with substantial noninfringing uses. Thus, the piers, with or without the clamp, can be used to support sections of mobile homes without any tie rod. Additionally, C & R is not a contributory infringer because C & R's marriage lock has substantial non-conforming uses, namely, use without the piers specified in the claims. *See Aro Mfg. v. Convertible Top Replacement Co.,* 377 U.S. 476, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964).

Thus, the court grants defendants' motion for summary judgment on the direct, contributory and inducing infringement claims.

### III. *MOTION FOR SUMMARY JUDGMENT BASED ON INVALIDITY*

Plaintiffs argue that the patent is invalid because: 1) it fails to comply with the best mode requirement on 35 U.S.C. § 112; and 2) the inventor, Clayton Chong, failed to read the application before it was filed in the Patent Office and executed a false oath to the contrary. These motions are moot in light of the court's decision to grant summary judgment on the infringement claims.

### IV. *MOTION FOR SUMMARY JUDGMENT BY CHUCK GILES*

■ The parties agree that Chuck Giles, the 67 year-old founder of C & R Pier Mfg. has never made, used or sold the product alleged to have infringed the patent. He was merely a passive shareholder in the company for the relevant time period.

However, plaintiff argues that the Chuck Giles named in their complaint and served with a copy of the summons is the vice-president of C & R Pier Mfg. They claimed that in fact they intended to and did serve Chuck Giles, Junior, not Senior. Their process server apparently did serve the 40 year-old Giles at his business.

According to defendants, the junior Giles is named Charles Timothy Giles and is commonly referred to as C.T. Giles. He is never called Chuck, which is his father's name. When the junior Giles received the summons for "Chuck Giles," he apparently thought it referred to his father. Thus, there is a dispute about who in fact was named in the complaint and who was served with the summons.

However, defendants convincingly argue that this court need not even address the issue of who was the intended defendant. Plaintiffs have not come forward with any evidence to substantiate the claim that either

of the Giles' personally committed any act of infringement. Assume for purposes of argument that the 40 year-old C.T. Giles is a properly named defendant. Plaintiffs named Giles because they argue he was selling the infringing product from his home in an individual capacity. Defendants analyze each piece of evidence submitted by plaintiffs as support for this proposition to demonstrate why it does not establish infringement.

Plaintiffs rely heavily on the fact that C.T. Giles' business card lists his home phone number. Additional evidence includes Mr. Clifton's testimony that one could place an order for C & R Pier products by calling Giles at home. The other evidence submitted by plaintiff is not any more probative of the allegation that C.T. Giles personally infringed the patent from his home.

Thus, the court grants the motion for summary judgment. As defendants state, all the evidence plaintiffs have submitted merely indicates an employee willing to take business calls at home. Furthermore, there are serious questions about the validity of the service of process conducted in this case, though the court finds it unnecessary to rule on this issue at the present time.

### CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth above, the court hereby grants defendants' motion for summary judgment based on non-infringement and Chuck Giles' motion for summary judgment.